[Crim. No. 1146.   First Appellate District, Division Two.—March 19, 1924.]

THE PEOPLE, Respondent, v. TOU JUE, Appellant.

[1] CRIMINAL LAW — CREDIBILITY OF WITNESSES — PROVINCE OF JURY AND TRIAL COURT—APPEAL.—In a criminal prosecution, it is the function of the jury, in the first instance, and of the trial court, after verdict, to pass on the credibility of the witnesses who have appeared before them; and, unless the testimony which appears in the record is insufficient to support the verdict or is wholly improbable, the appellate court is not in a position to disturb the verdict.

[2] ID. — CROSS-EXAMINATION — DISCRETION — APPEAL.— The extent to which the cross-examination of a witness relating to his credibility may be pursued is within the discretion of the trial court; and, in this prosecution for a violation of the state poison act, the appellate court could not say that the trial court abused its discretion in limiting the cross-examination of a witness called by the prosecution.

[3] ID.—STATE POISON ACT — CARRYING CONCEALED WEAPON—IRRELEVANT EVIDENCE.—In this prosecution for a violation of the act relating to the sale and use of poisonous drugs, proof that at the time of his arrest defendant was carrying a concealed weapon was not relevant; but the appellate court could not say that its admission was error prejudicial to the cause of defendant.

[4] ID.—MISTRUST OF FALSE WITNESS—INSTRUCTIONS.—In a prosecution for a violation of the act relating to the sale and use of poisonous drugs, it is not prejudicial error to instruct the jury that a witness that is false in one "material" part of his testimony may be mistrusted in other parts.

(1) 17 C. J., p. 267, sec. 3596.   (2) 17 C. J., pp. 245, 246, sec. 3584.   (3) 17 C. J., p. 317, sec. 3662.   (4) 17 C. J., p. 339, sec. 3688.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. B. Peckham for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

1.  See 10 **Cal. Jur.** 1167; 28 **R. C. L.** 657.

NOURSE, J.—The defendant was convicted of a violation of the act relating to the sale and use of poisonous drugs. Two inspectors employed by the state board of pharmacy laid a trap for defendant, and on the day in question posted themselves directly across the street from defendant's place of business. From this point they observed the witness Bowman, who was acting under their instructions, enter defendant's restaurant and engage him in conversation. Thereafter Bowman left the restaurant and was followed a short time after by the defendant. The two met on the street and shook hands. At this point the two inspectors approached and arrested the defendant and Bowman and an immediate search disclosed that the defendant had in his possession three silver coins which had previously been marked by the inspectors and delivered to Bowman for the purpose and that Bowman had in his possession a small package containing morphine, which he testified he had obtained from the defendant in exchange for these coins. Testimony was offered that at the time of the arrest a revolver was found in the pocket of defendant, and this was offered in evidence during the course of the trial.

The appeal is based upon the claim that the whole case was framed upon the appellant and that the witness Bowman and one of the inspectors employed by the state board of pharmacy were men of questionable character and bad reputation and that for this reason their testimony should have been wholly disregarded. It was further argued in this connection that the trial court unreasonably curtailed the cross-examination of these witnesses, which was directed to the purpose of disclosing their reputations. Some criticism is also made of the instructions which the trial court gave to the jury.

[1] In cases of this nature the appellate courts must necessarily rely upon the trial court to see that substantial justice is given to the party on trial. It is impossible for this court to analyze the testimony of the witnesses as written in the record and from that analysis to determine whether such witnesses are entitled to be believed. In the trial of the action all these witnesses must appear before the trial court and the jury, and it is the function of the jury, in the first instance, and of the trial court, after

verdict, to pass on the credibility of the witnesses who have appeared before them. Unless the testimony which appears in the record is insufficient to support the verdict or is wholly improbable, we are not in a position to disturb the verdict.

[2] Complaint is made that the trial court unnecessarily limited the cross-examination of the witness McEnerney, who had been called by the prosecution. The criticism is directed to that part of the cross-examination relating to the credibility of this witness. It has been frequently held that the extent to which such cross-examination may be pursued is within the discretion of the trial court and we do not believe that in this instance this discretion was abused.

[3] One of the witnesses testified that when the appellant was arrested he was carrying a concealed weapon and this weapon was then offered in evidence. The arrest was made upon the charge of selling narcotics and we do not see the relevancy of the offer of the weapon, but we cannot say that its admission was error prejudicial to the cause of the appellant.

[4] Particular criticism is made of the instruction advising the jury that "a witness that is false in one material part of his testimony may be mistrusted in other parts." It is said that in adding the word "material" to the instruction the court went beyond the provisions of section 2061, subdivision 3, of the Code of Civil Procedure. Stress is laid upon the fact that the trial court followed this instruction with particular emphasis of the fact that falsity in material evidence alone must be considered. The portion of the instruction quoted has heretofore been approved by the supreme court. (*People* v. *Plyler,* 121 Cal. 160 [53 Pac. 553].) We have carefully examined the instructions which were given, and, taking them in their entirety, we do not find any prejudicial error.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.