[Crim. No. 4547. Second Dist., Div. Two. Feb. 15, 1951.]

THE PEOPLE, Respondent, v. FRANCISCO MONSON, Appellant.

Zeman & Hertzberg and Harrison W. Hertzberg for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—From a judgment convicting him of arson defendant demands a reversal on the ground that the trial court sustained objections to questions asked for the purpose of showing "bias, prejudice and interest of the prosecution's only direct witness."

Appellant and his wife had been separated for about two months. She and her children resided in a house on a Los Angeles boulevard while her father lived in the apartment over the garage in the rear. On a February evening appellant called to see his wife. Finding her absent he sat in an automobile parked at the front to await her return. When she arrived with her five children about 10 p.m. he asked her to go home with him. When she refused he said that if she and the children did not he would burn down the house and everything in it. As they entered the home, he remained in the yard.

Mr. Sanchez, appellant's father-in-law, had retired about 9 p.m. in the apartment above the garage and lay reading at 11:20 when he was disturbed by a noise outside. That was followed by the sound of someone's opening doors. As he

peered through the window a fire' started below him and appellant stood at the left of the garage door bending over with his face inside and his right hand extended toward the burning. As Sanchez descended to the ground appellant ran through the garden in the rear. The structure having been destroyed two firemen from the city's arson bureau inspected the remains and at the trial testified that the fire originated just inside and to the left of the door in an area where a highly volatile fluid had been ignited. They established that there had been nothing there susceptible of spontaneous ignition or that might have caused the fire by accident. Appellant denied the accusation and all incriminatory acts charged against him but he was unable to overcome the testimony (1) of his son who had heard the threat, (2) of Sanchez who saw him at the scene and (3) of the firemen whose opinions excluded every reasonable theory of the fire's origin save that of the instrumentality of appellant.

The rulings of the court which are assigned as error were made to several questions propounded to Mr. Sanchez on cross-examination which will be discussed in the order presented. All objections were on the general ground of immateriality and irrelevancy.

### A.

1. Did not this property formerly belong to Mr. Monson?

2. Was not the contract of purchase turned over to you by Mr. Monson?

3. Did not the owner of the place tell you that he desired to move into that garage within a few days?

Objections having been sustained to each question, appellant's counsel in setting forth the purpose of the questions stated that the place was being purchased on contract; there was litigation between Sanchez and the owner who just a few days before the fire had demanded the right to move into the garage. It was vital to the proposition that if they could get possession the garage had no value except as a storage place.

Whether appellant owned the house or Sanchez had litigated with the owner or the latter had demanded possession were immaterial to the issue of whether he set fire to it. (*People* v. *George*, 42 Cal.App.2d 568, 570-73 [109 P.2d 404]; Pen. Code, §447a.) Nothing in the questions or in counsel's statement of his purpose indicates testimony that would impeach Sanchez or show a motive for giving false testimony.

On appeal appellant declares that by such questions he was attempting to establish a change in ownership and possession of the garage that was to occur in a few days after the date of the fire; that since the property was being sold under contract Sanchez had to vacate in the near future; that Sanchez while occupying the garage had carried fire insurance thereon under the misapprehension that as soon as he should leave it his insurance would be no longer payable to himself but to the new occupant even though Sanchez should retain title as security for the unpaid balance of the purchase price; that Sanchez had told people he would lose everything if the place should burn while he was not living there. Appellant now argues that because Sanchez suffered such misapprehension, he would be the person to gain from the building's destruction by fire; that since Sanchez knew he would be the only one to profit from a fire and that others would think so, his motive for testifying for the prosecution would be for the purpose of avoiding suspicion of himself as the incendiarist; that if such facts were shown "the prejudice behind Sanchez' testimony could have been considered."

No such argument having been made in support of his offer of the proof indicated by the three questions, appellant is in no position to rely upon thoughts that either struggled for expression at the trial and failed to be articulated or that were conceived at some later time. The conduct of the trial court is to be viewed in the light of what actually occurred in its presence, not by what may subsequently be printed in a brief. Its alleged errors must have been declared at the trial in order to constitute them grounds for reversal after the court's refusal to make a favorable ruling. Since the purpose of the questions as now claimed by appellant did not appear from them, it was obligatory upon appellant to disclose such purpose in response to the objections. But, if he had proof of his own former ownership of the garage or of his transfer thereof to Sanchez or of the new owner's intention to occupy the structure within a few days or of Sanchez' declaration that he would lose all in the event of fire before the balance of the sale price should be paid, he should have offered it. ▮ When an accused person is not guilty of the crime for which he is on trial, it is incumbent upon him to offer proof by his cross-examination of such facts as he has impliedly asserted to exist or of such facts as are available that will impeach his accuser.

## B.

■ After eliciting from Sanchez that the latter did not have a trunk of one Cortez in the garage, appellant offered to prove that (1) at the time of the fire Cortez had purchased an automobile and caused it to be registered in Sanchez' name; (2) it had then been transferred; (3) Mr. Cortez had paid for it by installments; (4) the title was subsequently vested in Cortez; (5) a few days before the fire Cortez discovered that this car had been by a forgery transferred back to Sanchez who (6) had immediately refinanced the car; he had promised Cortez a few days before the fire to produce the papers from Cortez' trunk which was in Sanchez' possession. After such offer appellant stated that he sought to ascertain whether Sanchez did not have such conversation with Cortez prior to the fire in which he told Cortez that he would deliver the title papers of the automobile to Cortez and immediately the fire occurred; he did not mean to say that Sanchez burned down the garage to burn up the papers but that "he might possibly have done so because it is a very serious— there is this insurance value that he did secure on that garage. I will make the offer to produce the signatures from the Division of Motor Vehicles, showing the forged signature of Mr. Cortez whereby this car was transferred to Mr. Sanchez." Objection was sustained to the offer.

In his brief appellant makes no claim that the purpose of his offer was to accuse Sanchez of forgery or arson but "rather to show the state of mind of Sanchez when Cortez would come for his papers . . . Sanchez had the motive to testify as he did even if the fire was accidental . . . he knew in his own mind that he was the logical one to be suspected. The fact sought out on cross examination was the actual state of mind of Sanchez."

No such purpose was indicated by the questions. Since Sanchez denied he had the trunk of Cortez, how could appellant have been prejudiced by the exclusion of evidence that he did have it? The fact recited in the offer of proof had no tendency to impeach Sanchez.

## C.

■ Subsequently, while Sanchez was under examination as to the contents of the garage he was asked whether there was some other property in the garage that did not belong to the witness.

The question on its face disclosed no materiality as to the author of the crime or how it could serve to impeach the

witness. After objection had been sustained, no offer of proof was made. The question appears to have assumed that Sanchez had Cortez' trunk which had been disproved.

## D.

█ Appellant assigns as prejudicial error that near the close of his cross-examination of Sanchez the latter was asked whether a few days before the fire he "had an argument with the owner about his moving back in that house" and whether "the owner had a right under his contract to move in that garage." Objections to the questions having been sustained, neither argument nor statement of the facts intended to be proved was offered. The second question called for a legal conclusion. The first of the questions did not on its face disclose its materiality and the argument made in the opening brief does not satisfy the lack of a statement to the court of facts appellant intended to prove.

No prejudicial error is shown to have been committed by the court in guiding the examination of Sanchez. █ In seeking reversal of a judgment for the exclusion of evidence an appeal is fruitless where the appellant did not fully state the purpose of his offer and facts sufficient to demonstrate its materiality unless the question shows on its face that it was material to the issue. █ Also, he cannot succeed where on appeal he states a purpose different from that given at the time of his offer. (*People* v. *Singh,* 182 Cal. 457, 482 [188 P. 987] ; *People* v. *Brown,* 43 Cal.App.2d 430, 433 [110 P.2d 1059] ; *People* v. *McDonald,* 110 Cal.App. 183, 187 [293 P. 883].)

█ In order to predicate error on sustaining objections to a question it must appear to be relevant and material and its materiality must be so patent that injury will be presumed from the adverse ruling. (*People* v. *Tou Jue,* 66 Cal.App. 235, 237 [225 P. 759]. █ The extent to which a cross-examination may be carried rests largely in the discretion of the court. (*People* v. *Serpa,* 67 Cal.App.2d 327, 332 [154 P.2d 6] ; *People* v. *Corlett,* 62 Cal.App.2d 33, 57 [153 P.2d 595, 964].)

The judgment and order denying the motion for a new trial are affirmed.

McComb, J., and Wilson, J., concurred.