[Crim. No. 1132.   Fourth Dist.   Jan. 9, 1957.]

THE PEOPLE, Respondent, v. WILLIAM D. HUNTER, Appellant.

Lionel Richman, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged with violation of section 484 of the Penal Code (grand theft) in that on or about March 18, 1956, in Riverside County, he did wilfully and unlawfully take a 1949 Lincoln automobile, the property of J. G. Anderson. At his arraignment in the superior court, defendant's counsel, after a discussion with the defendant, made the following statement:

"Your Honor, in this matter I represented the defendant at the preliminary hearing and I discussed this matter with the District Attorney and at this time the defendant will enter a plea of not guilty, and we will waive a jury trial and stipulate that the evidence produced at the preliminary hearing can be heard by this court as if on a trial, and submit it to the court on that basis."

The deputy district attorney, then present, stated that the statement made by counsel for defendant was agreeable and the matter was then submitted to the court. Defendant was found guilty as charged in the information and, after the report of the probation officer had been read and considered by the court, the defendant was sentenced to the state prison for the term prescribed by law.

It appears from the record of the preliminary examination that the defendant was employed by the Massey Rock and Sand Company of Indio. Mr. J. G. Anderson, superintendent of the company, owned a 1949 Lincoln automobile, registered in his wife's name, and some time in March, 1956, Anderson endeavored to sell the car to the defendant. Anderson testified:

"He, I think Mr. Cook, one of the boys that work for us told me Hunter wanted a car, I believe he brought him over to the house or sent him over to the house. I told him I hadn't drove the car for a year, didn't know what shape it was in, I would let him take it and try it out and we would make some kind of deal, I let him take the car from the house to try it."

Anderson further testified that the car had 1955 plates and he expected the defendant to take out insurance on it and get current plates; that three or four days later he had a conversation with the defendant, as follows: "I just asked what he thought of the car, he said he thought if it was fixed up it would be a pretty good car; I asked if he wanted to buy it, said he did. Said he didn't have much money, I said anything agreed to would be all right with me—long as he was working twenty-five dollars ($25.00) a week payments. I told him to come on over and we would draw up the papers and have it transferred to his name and . . ."; that the defendant did not come over to draw up the papers and within a day or two defendant left his employment at the rock and sand company; that he saw the defendant the next day and told him to go to Garnet at 7 or 7:30 in the morning; that he (Anderson) would be there; that he was late and did not go to Garnet until about 9 or 10 o'clock a. m. and the defendant had left; that he met the defendant coming back from Garnet in the Lincoln automobile; that he did not see the defendant after that until he appeared in court and he had not seen his Lincoln; that he heard that the defendant had left town and he reported the matter to the police; that he looked around for his car, went to the defendant's residence,

and there found that the defendant had moved all his belongings out of the house; that defendant had stated that he could make a down payment on the car but that he had not paid the sum of $50, or any other sum, on the purchase price of the automobile.

The defendant testified that on March 4, 1956, he went to see Anderson about the car and took it on a try-out basis; that on March 8, 1956, Anderson agreed to take a $50 down payment on the car and that he paid that sum to him the next morning; that he then went to the Garnet plant and, after waiting there until 11:30 a. m., returned to Indio; that he stayed in Indio until March 18, 1956, when he went to Red Bluff, California; that he left in the Lincoln and had transferred the license plates to it from an Oldsmobile which he left in Indio.

Defendant contends that the evidence was insufficient to support the judgment; that the court erroneously prevented the impeachment of the complaining witness; and that the court improperly admitted evidence of other acts. These arguments are without merit.

As is said in *People* v. *Corenevsky,* 124 Cal.App. 2d 19, 23-24 [267 P.2d 1048]:

"The crime of grand theft is complete when a man takes property not his own with the intent to take it, and a defendant may be convicted of grand theft upon proof of facts establishing (a) embezzlement, (b) larceny or (c) obtaining property under false pretenses. . . .

"It is likewise established that where criminal acts may constitute one of two or three forms of theft, depending upon how the jury views the evidence, and the facts so warrant, the verdict of conviction can be sustained on either theory. (*People* v. *Von Badenthal,* 8 Cal.App.2d 404, 408 [48 P.2d 82] *People* v. *Chamberlain,* 96 Cal.App.2d 178, 182 et seq. [214 P.2d 600].)"

Embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted. (Pen. Code, § 503.) The essential elements of this crime are set forth in *People* v. *Borchers,* 199 Cal. 52, 56 [247 P. 1084], as follows:

". . . In order to sustain a conviction upon such a charge it must at least be shown, first, that the accused was the agent or bailee of the prosecuting witness in holding the alleged embezzled property; second, the property must actually belong to the alleged principal, the prosecuting witness;

third, it must be lawfully in the possession of the accused at the time of the alleged embezzlement; fourth, the accused must have been guilty of the conversion which the statute denounces; and fifth, there must be shown an intent on the part of the accused to deprive the prosecuting witness of his property unlawfully. . . ."

Appellant contends that the facts do not show the elements of embezzlement because they show a debtor-creditor relationship. This contention is not supported by the evidence. ■ In *People* v. *Baker*, 64 Cal.App. 336, 341 [221 P. 654], the court said:

"One of the principal tests by which to determine whether any particular contract creates a mere bailment or is a sale on credit is this: Was there a binding promise on the part of the person to whom the possession was given to pay for the article? If there was such promise, then the contract is ordinarily held to be one of sale and not of bailment; and, conversely, if there was no such binding promise to purchase on terms agreed upon, then the transaction is ordinarily held not to be a sale. . . ."

■ In the instant action the appellant took possession of the automobile involved to try it out and then to buy it or return it to Anderson. He agreed to sign a written contract before obtaining the registration slip and this he failed to do. He placed the plates from another car on the Lincoln, departed for Red Bluff, California, with all his possessions, and failed to return the car to Anderson. Before leaving Indio, the defendant had indicated verbally that he would purchase the vehicle but was to come to Anderson's place to make out the papers. However, he left Indio without meeting Anderson, as agreed.

In *People* v. *Baker, supra,* 64 Cal.App. 336, 342, where the defendant had been given the right to drive an automobile to a given place within the county to enable him to raise money for a payment thereon if he elected to purchase it, the fact that he took the car to Mexico was held sufficient to warrant the inference that he converted the car to his own use in a manner inconsistent with the nature and purpose of the bailment. ■ Since the amendment in 1927 to section 484 of the Penal Code, a defendant may be convicted of grand theft upon proof showing either larceny, embezzlement or obtaining money by false pretenses. (*People* v. *Cannon,* 77 Cal.App.2d 678, 688-689 [176 P.2d 409].) ■ In the instant case there is substantial evidence to support the inference

drawn by the trial court and to support its findings and judgment.

Appellant complains that the court erred in preventing the impeachment of the complaining witness. This claim is based on a ruling of the trial court sustaining an objection to testimony as to a conversation by telephone between Anderson and one Roger Hutchinson. No offer of proof was made and the purpose of the testimony in this connection is not disclosed by the record. No prejudicial error appears in connection therewith. (*People* v. *Monson*, 102 Cal.App.2d 308, 313 [227 P.2d 521].)

Appellant further argues that the court improperly admitted evidence of other acts. This contention likewise is without merit. The testimony admitted in this connection was as to the ownership of an Oldsmobile which defendant had in his possession and apparently was buying from someone in Missouri. The evidence admitted in no way indicated that the defendant had been guilty of any offense in connection with this car and no error appears in the trial court's ruling.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied January 28, 1957, and appellant's petition for a hearing by the Supreme Court was denied March 5, 1957.