[Crim. No. 6995.   Second Dist., Div. One.   May 2, 1960.]

THE PEOPLE, Respondent, v. KENNETH EARL
STAGGS, Appellant.

Thomasset, Forn & Thomasset and Alfred Lubin for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Ernest E. Sanchez, Deputy Attorney General, for Respondent.

LILLIE, J.—By information the defendant was accused of having committed a lewd and lascivious act upon the body of his nephew, Craig, a child 9 years old. After a nonjury trial he was found guilty as charged; and his motion for new trial was denied. Following his return from the state hospital where he had been confined for observation as a probable sexual psychopath, defendant's application for probation was denied and he was sentenced to state's prison for the prescribed term.

Defendant has appealed from the judgment and order denying his motion for new trial. It is claimed that (1) the evidence is insufficient to support the judgment, (2) reversible error was committed in the admission of certain rebuttal testimony and (3) the court erred in denying a new trial and in refusing to admit the file of defendant's divorce proceedings into evidence. We find no merit in these contentions.

On the evening in question the child concerned spent the night in appellant's home. After he had gone to bed, appellant entered the bedroom and told him to disrobe. Acts denounced by sections 288a and 286 of the Penal Code were then committed. The victim's aunt was in the front room "probably watching T.V." while the events in question took place. The child subsequently remained in appellant's house a week or longer; upon return to his home he complained to his mother who notified the police. Upon the trial, the child told of

similar acts on other occasions, both in the bedroom and in the garage, and once while appellant was driving his car. Appellant's defense to the principal charge was an alibi— he claimed to have been visiting with a female friend whom he sought out after a quarrel with his wife; later he went to his parking lot and slept in his truck.

Appellant challenges the credibility of the victim's story, pointing to testimony in the record (produced by appellant) that the child's reputation for veracity was bad; and additionally asserting that the acts as narrated by the child are so bizarre as to be inherently improbable. In this latter regard, he argues that the parties' physical positions rendered impossible the commission of the acts described. ■ None of these contentions have merit inasmuch as justifiable suspicion or unusual circumstances do not categorize evidence in prosecutions of this character as inherently improbable and unworthy of belief (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758]). ■ It was the exclusive province of the trial judge to determine the credibility of the witnesses and evaluate the testimony to determine the facts (*People* v. *Alesi,* 169 Cal.App.2d 758, 762 [337 P.2d 838]). ■ The further claim that the boy's testimony was the result of coaching by vengeful and prejudiced persons was likewise for the trier of fact; as was the alibi defense—that defendant spent the evening elsewhere. ■ Although courts look with disfavor on a complaint made long after the event on which a charge of this character is based (*People* v. *Lyons,* 47 Cal.2d 311, 317 [303 P.2d 329]), an interval of a week or so may not, as argued by appellant, serve to destroy the worth of the child's testimony. The evidence sufficiently supports the finding of guilt.

■ Appellant next complains that reversible error was committed in permitting one Tonya, the victim's 8-year-old sister, to testify that appellant committed a sexual offense upon her. This testimony was elicited by way of rebuttal after appellant, in the course of *direct* examination, was asked and gave answer as follows: ''Q. Mr. Staggs, did you ever have sexual relations of any kind with Craig or any other children? A. No, ma'am.'' Appellant relies on *People* v. *Buchel,* 141 Cal.App.2d 91 [296 P.2d 113], which in turn cites *People* v. *Asavis,* 22 Cal.App.2d 492, 494 [71 P.2d 307], and *People* v. *Huston,* 45 Cal.App.2d 596, 597 [114 P.2d 607], as authority for the claim that evidence of other lewd and lascivious acts is inadmissible in prosecutions involving sex

offenses against children. In all three cases, however, the prosecution undertook to prove similar offenses as part of its case in chief. The exception to the general rule, here clearly applicable, is pointed up in *People* v. *Westek*, 31 Cal.2d 469, 476 [190 P.2d 9] : "But here a totally different situation is involved where appellant, apparently actuated by a desire to place himself in an especially favorable light before the jury, injected into the case in the course of his direct examination the whole subject of his past conduct with any boy, and it was to offset the effect of this gratuitous testimony that the prosecution introduced the challenged evidence (upon rebuttal)." Inasmuch as the propriety of such rebuttal testimony is well recognized (*People* v. *Westek, supra*), appellant's point is without merit.

Finally, appellant claims that the trial court abused its discretion in denying the motion for new trial. The same arguments were presented on the motion as were presumably made when the taking of testimony had been concluded; we have already determined that the evidence sufficiently supports the finding of guilt, and accordingly no abuse of discretion appears. The point is also made under this same general argument that the trial court erroneously rejected appellant's offer to introduce the record of his divorce proceedings—purportedly to establish his wife's motive in assertedly coaching the child. No offer of proof or other showing before the trial court was made as to the materiality of the record in question, which omission is fatal at this stage of the proceedings (*People* v. *Monson*, 102 Cal.App.2d 308, 313 [227 P.2d 521]) ; also, it would appear from appellant's argument that the evidence sought to be introduced was merely cumulative.

The judgment and order appealed from are affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 29, 1960.