Filed 8/18/20  P. v. Dean CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C088695 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE008263) |
| v. | |
| ALTON EUGENE DEAN, | |
| Defendant and Appellant. | |

A jury found defendant Alton Eugene Dean guilty of grand theft.  Defendant appeals, contending the trial court's pinpoint instruction was prejudicial error.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

I

*The Pertinent Facts*

On December 3, 2017, a Macy's asset protection detective received a call from a sales associate reporting a suspicious customer in a wheelchair, later identified as

defendant, in the men's department. The asset protection detective observed defendant on the store's security system, wearing a hat with a Macy's tag on it. Defendant then selected a furry hat and also put it on his head before putting several other items on the sides of his wheelchair.

Defendant then moved to the men's shoe department, where he cut the security sensors off various items using his teeth and a pair of pliers he had on the side of his chair. The pliers were not from Macy's. He put the removed sensors in a cracker box, which he then threw under the chair. Defendant moved toward the men's restroom leaving behind a leather jacket he damaged in an attempt to remove its sensor. A visual security officer continued to watch defendant on the security system as he passed several points of sale before entering the restroom. After leaving the restroom, defendant left Macy's without stopping at a point of sale. He was later apprehended outside the store.

Defendant took a total of $912 worth of items from Macy's. The damaged leather jacket he left behind was worth $625.[1] Adding that item's value to the items defendant took from the store brought the total value to $1,537.

## II

### *Relevant Proceedings*

Defendant was charged with grand theft, second degree burglary, and possession of burglary tools. The information further alleged defendant had been convicted of three prior strike offenses, each for robbery.

---

[1] At some point prior to leaving the store, defendant also abandoned a backpack. The prosecution did not rely on this taking when proving grand theft and did not argue defendant intended to steal the backpack in addition to the other items. Instead, the prosecution relied on defendant's taking of the leather jacket and the attempted removal of the security device from that item to prove his theft offense met the $950 threshold. Because the record is unclear regarding the facts surrounding defendant's taking of the backpack and the prosecution did not rely on that taking to prove grand theft, we will not consider the backpack when calculating the total value of property defendant took.

At trial, defendant argued he did not intend to steal the leather jacket he abandoned in the store and thus the value of the items he took was less than $950, making him guilty of petty theft. The prosecution argued defendant did in fact intended to steal the jacket, but was frustrated by his inability to remove the security sensor.

During trial, the court allowed the jury to submit written questions. Several questions expressed confusion as to which items defendant left the store with and which items were relevant to the theft charge. For example, one juror asked, "Which items were on his person [versus] left behind?" and "What was the total cost of the items that left the store [versus] left behind [versus] damaged beyond salable?"

Citing these juror questions as well as the defense's theory he did not complete the theft of the leather jacket, the prosecution sought a pinpoint instruction regarding the kind of taking necessary to constitute theft. The requested pinpoint instruction read: "Failing to remove an object from the store does not render a theft incomplete. The fact that the thief is frustrated in his attempt to carry stolen property away or that he may change his mind after the theft does not relieve him of the consequences of theft."

Defendant opposed the proposed pinpoint instruction, arguing it was duplicative of CALCRIM No. 1800, the pattern jury instruction for theft. (See CALCRIM No. 1800.) The court expressed concern but eventually granted the prosecution's request to instruct the jury with its proposed pinpoint instruction. The court did, however, accept defendant's request to move the instruction to a separate paragraph from the fourth element of the grand theft instruction.

Prior to closing arguments, the court instructed the jury on the law and read the pinpoint instruction as requested by the prosecution. Taken together, the jury heard the following instructions as to the theft charge: "The defendant is charged in Count One with violation of Penal Code Section 484. To prove that the defendant is guilty of this crime, the People must prove that: One, the defendant took possession of property owned by someone else; two, the defendant took the property without the owner's consent; three, when the defendant took the property he intended to deprive the owner of it permanently or remove it from the owner's possession for so extended a period of time

3

that the owner would be deprived of a major portion of the value or enjoyment of the property; and four, the defendant moved the property even a small distance and kept it for any period of time, however brief.

"*Failing to remove an object from a store does not render a theft incomplete. The fact that the thief is frustrated in his attempt to carry stolen property away, or that he may change his mind after the theft, does not relieve him of the consequences of theft*." (Pinpoint paragraph in italics.) The jury found defendant guilty of grand theft, but not guilty of second degree burglary and its lesser-included offense of shoplifting.[2]

Following the verdict, the court found defendant's prior strike allegations true. The court then granted defendant's *Romero*[3] motion determining he fell outside the spirit of the three strikes law. The court sentenced defendant to the upper term of three years.

DISCUSSION

Defendant argues the court erred by instructing the jury with the pinpoint instruction because the instruction was both duplicative and argumentative. We disagree and find the pinpoint instruction was neither.

I

*Standard Of Review*

The trial court has a sua sponte duty to accurately instruct the jury on every material element of a criminal offense. (*People v. Flood* (1998) 18 Cal.4th 470, 481.) This duty includes the requirement to instruct the jury on all general principles of law raised by the evidence. (*People v. Rogers* (2006) 39 Cal.4th 826, 866.) " ' "The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are necessary for the jury's understanding of the case." ' " (*People v. Breverman* (1998) 19 Cal.4th 142, 154.)

---

**2**     The charge of possession of burglary tools was dismissed prior to the trial.

**3**     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497; see also Penal Code sections 1385, 667, subdivision (b).

Pinpoint instructions " 'relate particular facts to a legal issue in the case or "pinpoint" the crux of a [party]'s case.' " (*People v. Gutierrez* (2009) 45 Cal.4th 789, 824.) Parties are entitled to legally correct and factually warranted pinpoint instructions should they request such additional instruction. (*People v. Hughes* (2002) 27 Cal.4th 287, 362.) However, parties are not entitled to pinpoint instructions unless they are supported by substantial evidence and are neither argumentative nor duplicative. (*People v. Bolden* (2002) 29 Cal.4th 515, 558.) " 'Instructions should state rules of law in general terms and should not be calculated to amount to an argument to the jury in the guise of a statement of law. [Citations.] Moreover, it is error to give, and proper to refuse, instructions that unduly overemphasize issues, theories or defenses either by repetition or singling them out or making them unduly prominent although the instruction may be a legal proposition.' " (*Red Mountain, LLC v. Fallbrook Public Utility Dist.* (2006) 143 Cal.App.4th 333, 359-360.)

We review claims of instructional error de novo. (*People v. Posey* (2004) 32 Cal.4th 193, 218.) "In doing so, we must determine whether there was sufficient evidence to support the challenged instruction [citation], and whether the instructions delivered a correct statement of the law." (*People v. Stinson* (2019) 31 Cal.App.5th 464, 476.) *"*Review of the adequacy of instructions is based on whether the trial court 'fully and fairly instructed on the applicable law.' " (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088, quoting *People v. Partlow* (1978) 84 Cal.App.3d 540, 558.) "We look to the instructions as a whole and the entire record of trial, including arguments of counsel. [Citation.] Where reasonably possible, we interpret the instructions ' "to support the judgment rather than [to] defeat it." ' " (*People v. Mason* (2013) 218 Cal.App.4th 818, 825, quoting *Ramos*, at p. 1088.)

II

*Relevant Law*

A defendant may be convicted of grand theft upon evidence proving "(a) embezzlement, (b) larceny or (c) obtaining property under false pretenses. . . ." (*People v. Hunter* (1957) 147 Cal.App.2d 472, 475.) "The elements of theft by larceny

5

are well settled:  the offense is committed by every person who (1) takes possession (2) of personal property (3) owned or possessed by another, (4) by means of trespass and (5) with intent to steal the property, and (6) carries the property away." (*People v. Davis* (1998) 19 Cal.4th 301, 305.)  Grand theft by larceny requires asportation.  (*People v. Williams* (2013) 57 Cal.4th 776, 787.)  Further, "if the taking has begun, the slightest movement of the property constitutes a carrying away or asportation."  (*Davis*, at p. 305.)

Asportation requires the property be:  (1) severed from the possession of the true owner; (2) in the complete possession of the thief; and (3) moved, however slightly. (*People v. Shannon* (1998) 66 Cal.App.4th 649, 654; *People v. Edwards* (1925) 72 Cal.App. 102, 114-115.)  "Asportation within the meaning of the statute prohibiting theft may be fulfilled by wrongfully and unlawfully removing the property from the possession or control of the owner, against his will with the intent to steal it, even though the property may be retained by the thief but a moment.  [Citations.]  The fact that the thief is frustrated in his attempt to carry stolen property away, or that he may change his mind immediately after the theft, because he concludes that the property is of insufficient value to warrant him in retaining it, does not relieve him of the consequence of the theft." (*People v. Quiel* (1945) 68 Cal.App.2d 674, 679.)

Our Supreme Court further illustrated the concepts of possession and asportation in *Tijerina*.  (*People v. Tijerina* (1969) 1 Cal.3d 41.)  There, store detectives saw the defendant placing a coat into a bag he had brought into the store and apprehended him within the store.  (*Id.* at p. 46.)  On appeal, the defendant, relying on *Meyer*, argued his theft was incomplete because he did not remove any items from the store.  (*Tijerina*, at p. 47; see *People v. Meyer* (1888) 75 Cal. 383.)  The court disagreed and distinguished the defendant's case from *Meyer.*  (*Tijerina*, at p. 47.)  It reasoned that in contrast to *Meyer*, where the defendant never took possession of an overcoat because it was chained to a dummy in the store, the defendant in *Tijerina* successfully took possession of the coat when he placed it in his bag.  (*Tijerina*, at p. 47.)  The court further held defendant's success in reducing the property into his possession and moving it around the store rendered the theft complete.  (*Ibid.*)  That the defendant was unsuccessful in removing the

6

property from the store, whether through frustration of purpose or a change of his mind, did not absolve the defendant of his liability for the theft.  (*Ibid.*; *People v. Quiel*, *supra*, 68 Cal.App.2d at p. 679; see also *In re Aaron J.* (2018) 22 Cal.App.5th 1038, 1059.)

Defendant concedes the pinpoint instruction was a correct statement of law and supported by substantial evidence.  He attacks it for being duplicative and argumentative.

III

*The Instruction Was Not Duplicative*

Duplicative instructions are those constituting a statement of law which merely repeat principles covered by other instructions.  (*People v. Jones* (2012) 54 Cal.4th 1, 82.)  Defendant argues the pinpoint instruction given to the jury was duplicative of the fourth element outlined in CALCRIM No. 1800 -- that defendant moved the property even a small distance and kept it for any period of time, however brief.  We disagree and conclude the instruction was not duplicative.

In *Bolden*, our Supreme Court rejected the defendant's argument the trial court's failure to include his requested pinpoint instruction was error.  (*People v. Bolden*, *supra*, 29 Cal.4th at pp. 558-559.)  In a trial for first degree murder with a special circumstance of murder in the commission of robbery, the defendant sought a pinpoint instruction clarifying the prosecutor's burden of proof as to the robbery allegation.  (*Id.* at pp. 526, 557-558.)  The requested instruction would read:  " 'If you are not convinced beyond a reasonable doubt that defendant obtained the property in question without consent, then you must give the defendant the benefit of that doubt.' "  (*Id.* at p. 558.)  The trial court rejected this pinpoint instruction, reasoning the point was adequately covered by the other instructions.  (*Ibid.*)  Our Supreme Court affirmed, concluding "[a]n instruction that does no more than affirm that the prosecution must prove a particular element of a charged offense beyond a reasonable doubt merely duplicates the standard instructions defining the charged offense and explaining the prosecution's burden to prove guilt beyond a reasonable doubt."  (*Id.* at pp. 558-559.)

Similarly, in *Ramirez*, the Second Appellate District, Division 8, affirmed the trial court's denial of the defendant's proposed instruction because it was duplicative of other

7

instructions already given to the jury. (*People v. Ramirez* (2019) 40 Cal.App.5th 305, 308.) In a murder trial, the defendant sought a pinpoint instruction stating, " 'Provocation sufficient to reduce murder to voluntary manslaughter may accumulate over a period of time and may be based upon a series of acts.' " (*Id.* at pp. 307, 308.) The court concluded this instruction was duplicative of CALCRIM No. 570, which was read to the jury. (*Ramirez*, at p. 308.) CALCRIM No. 570 states " 'Sufficient provocation may occur over a short or long period of time.' " (*Ramirez*, at p. 308.) The court reasoned CALCRIM No. 570 was a more concise version of the proposed pinpoint instruction and rejected the defendant's claim of error. (*Ramirez*, at p. 308.)

In both *Bolden* and *Ramirez*, the requested instruction repeated the principles contained in the standard jury instructions without refining the legal principles at issue. (See *People v. Bolden*, *supra*, 29 Cal.4th at pp. 558-559; *People v. Ramirez*, *supra*, 40 Cal.App.5th at p. 308.) The instant case is different because the pinpoint instruction clarified the definition of asportation in light of issues the facts raised and the jury highlighted in its questions. The jury expressed its confusion as to which items were relevant to the theft. The prosecutor cited the jury's confusion, as well as the defense's theory defendant did not complete the theft of the jacket as a reason to give the pinpoint instruction. As discussed *ante*, this instruction was a correct statement of the law and was therefore relevant to the jury's consideration of whether defendant completed the theft of the jacket. (See, e.g., *People v. Hughes*, *supra*, 27 Cal.4th at p. 362 ["legally correct and factually warranted pinpoint instructions designed to elaborate and clarify other instructions *should be delivered upon request*"].) As such, we find this pinpoint instruction was not duplicative.

IV

*The Pinpoint Instruction Was Not Argumentative*

Defendant argues the pinpoint instruction was argumentative because it undercut his theory he never formed the intent to steal the jacket by unduly emphasizing the asportation element of the offense. While he acknowledges the instruction did not cite

specific evidence, he argues it implied he changed his mind about stealing the jacket after being frustrated in his attempt to remove the security sensor. We disagree.

"An instruction is argumentative when it recites facts drawn from the evidence in such a manner as to constitute argument to the jury in the guise of a statement of law." (*People v. Campos* (2007) 156 Cal.App.4th 1228, 1244.) These instructions are in error because they are " 'of such a character as to invite the jury to draw inferences favorable to one of the parties from specified items of evidence.' " (*People v. Panah* (2005) 35 Cal.4th 395, 486.) " '[The] vice in any such instruction is that it unduly emphasizes one portion of the evidence, puts the court in the position of making an argument to the jury, and misleads the jury into thinking that because the court has specifically mentioned certain testimonial facts they are of undue importance or that the court believed them to be true.' " (*Slayton v. Wright* (1969) 271 Cal.App.2d 219, 238.) The court should refuse as argumentative any requested instruction that calls for the jury to consider specific evidence. (*People v. Ledesma* (2006) 39 Cal.4th 641, 720.)

In an automatic appeal from a death sentence, our Supreme Court rejected the defendant's contention the jury instructions on flight were argumentative. (*People v. Mendoza* (2000) 24 Cal.4th 130, 148, 180.) The defendant was convicted of numerous crimes, including several counts of robbery, kidnapping, and burglary, along with charges of rape, arson, and murder. (*Id.* at p. 148.) The court instructed the jury on its ability to consider evidence of flight using CALJIC No. 2.52, the pattern jury instruction on flight. (*Mendoza*, at p. 179.) The instruction stated: " 'The flight of a person immediately after the commission of a crime, or after he is accused of the crime, is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in light of all other proved facts in deciding the question of his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine.' " (*Ibid.*) The court rejected defendant's contention the instruction constituted an improper pinpoint instruction. (*Id.* at p. 180.) The court concluded the instruction was not argumentative because "it d[id] not impermissibly direct the jury to make only one inference." (*Id.* at p. 181.)

Similarly, in *Souza*, our Supreme Court addressed a defendant's claim of prejudicial error invited by what he argued was an argumentative instruction. (*People v. Souza* (2012) 54 Cal.4th 90.) In the penalty phase of the defendant's trial for first degree murder, the court instructed the jury of its ability to consider victim impact statements when analyzing aggravation and mitigation. (*Id.* at p. 138.) The instruction informed the jury of its ability to "*consider the testimony offered in th[e] penalty phase portion of the trial concerning the impact of the crimes on the family and friends of the victims*." (*Ibid.*) Defendant argued this instruction was argumentative because it improperly highlighted certain aspects of the evidence without instructing the jury on the legal limits on the use of such evidence. (*Ibid.*) The court concluded the pinpoint instruction adequately conveyed the proper role of victim impact evidence. (*Id.* at p. 139.)

Defendant contends the pinpoint instruction implied a factual conclusion: that defendant changed his mind about stealing the jacket when he realized he could not remove the security sensor. This argument, however, is unavailing. Just as the contested instructions from *Mendoza* and *Souza* did not "merely highlight[] certain aspects of the evidence without further illuminating the standards at issue," neither did the pinpoint instruction in the instant case. (See *People v. Fauber* (1992) 2 Cal.4th 792, 865-866.) The pinpoint instruction did not direct the jury to specific evidence or direct the jury to make only one inference. Indeed, as defendant acknowledges, it was a correct statement of law delivered without reference to specific evidence. We therefore reject defendant's argument the instruction implied the factual conclusion defendant changed his mind about stealing the jacket.

Nor did the instruction call for the jury to consider any particular element with greater weight than it was to consider his intent. The court first informed the jury of its duty to find the union of facts showing theft and defendant's wrongful intent. The court included the pinpoint instruction in a separate paragraph from the pattern instruction, which clearly directs the jury to consider the four elements of grand theft with equal weight. (See CALCRIM No. 1800.) Further, CALCRIM No. 1800 specifically states "[*w*]*hen* the defendant took the property, (he/she) intended (to deprive the owner of it

10

permanently/ [or] to remove it from the owner's [or the owner's agent's] possession[)] . . . ." (Italics added.) This language makes clear the jury's obligation to find the defendant possessed an intent to steal when performing the actions constituting the theft. The jury heard several other instructions charging it to consider all evidence and admonishing it of its duty to find all elements of the offense true beyond a reasonable doubt.

Considering the whole of the instructions given to the jury, defendant's argument the pinpoint instruction improperly directed the jury away from considering his intent is unavailing. While the pinpoint instruction further explained the asportation element, the instructions as a whole sufficiently told the jury it must first find defendant had the intent to steal while moving the property. Defendant's argument he did not form the intent to steal the jacket was not undercut by the court's informing the jury that exiting the store with the items was not necessary to prove defendant completed the theft. Accordingly, the court did not err by instructing the jury with the prosecution's proposed pinpoint instruction.

## DISPOSITION

The judgment is affirmed.


/s/_____
Robie, J.

We concur:


/s/_____
Raye, P. J.


/s/_____
Hull, J.


11