[Crim. No. 14240.   Second Dist., Div. One.   June 3, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. NATHANIEL WATKINS, Defendant and Appellant.

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Arthur B. Rosenfeld, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of arson.

In an information filed in Los Angeles on June 7, 1967, defendant was charged with setting fire to a building on May 2, 1967, in violation of the provisions of section 447a, Penal Code. It was further charged that defendant had six times previously been convicted of felonies, namely forgery in August 1953, narcotics violation in April 1955, burglary and petty theft in January 1957, deadly weapon law violation in April 1959, and burglary and forgery in April 1963. Defendant pleaded not guilty and admitted the charged prior convictions. It was stipulated that the matter be submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing and such other testimony as might be introduced at the trial. Defendant was found guilty as charged and sentenced to the state prison, the term to run concurrently with any other sentence to which defendant is subject. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: Mrs. Hamilton resided at 2271 East 99th Place in Los Angeles on May 2, 1967, with her son and daughter Patricia aged about 14 years. Mrs. Hamilton and defendant some time previously had a close relationship but "couldn't be friends anymore." Mrs. Hamilton had some difficulty with defendant in October 1966 and she complained to the police. Ultimately defendant was sent to prison for certain committed offenses related to the complaints of Mrs. Hamilton. After serving some time in prison defendant was releasd on parole and within a matter of hours thereafter he contacted Mrs. Hamilton. At about 12:50 a.m. defendant called Mrs. Hamilton on the telephone and she said to him: "We have nothing to talk about because your parole officer, and also the Judge, . . . told me last year that we weren't to have any connections with one another whatsoever." Defendant then made some threats to Mrs. Hamilton.

At the establishment of Mrs. Hamilton there was a tool shed attached to the house. At about 3:30 a.m. May 2, 1967, Patricia heard a "cracking" sound, went to the bathroom to investigate and saw a fire at the shed. Mrs. Hamilton, as did some others in the neighborhood, kept her bathroom light burning

all night long. Patricia then went to her brother's room and from a window saw a fire in the back yard area. She saw defendant come out of the shed and push the doors closed. He at first ran and then began to walk rapidly. When he got to the street he ran. Defendant called Mrs. Hamilton on the morning after the fire and said in effect that "next he was going to get" her. Mrs. Hamilton called the fire department and defendant's parole officer.

An arson investigator of the fire department made an investigation the morning following the fire. He indicated and testified that the fire in question was started from inside the shed and was ignited by human hands.

Appellant asserts that the evidence is insufficient to support the judgment and that he was not adequately represented at the trial. There is no merit to appellant's contentions. We assume, in support of the judgment, the existence of every fact which the trier of fact would reasonably have deduced from the evidence, and then determine whether the facts justify the inference of guilt. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Deysher,* 2 Cal.2d 141, 149 [40 P.2d 259].) In this case it is shown that there was a wilful and malicious burning. The fire was deliberately and intentionally started. (See *People* v. *Andrews,* 234 Cal.App.2d 69, 75 [44 Cal.Rptr. 94]; *People* v. *Clagg,* 197 Cal.App.2d 209, 212 [17 Cal.Rptr. 60]; *People* v. *Bowman,* 240 Cal.App.2d 358, 387 [49 Cal.Rptr. 772].) The circumstantial evidence points unequivocally to appellant.

The attorney for appellant at the trial level, according to the record before this court, represented the appellant in a competent and professional manner. The trial was not reduced to a sham or a farce. Counsel was dealing with a six-time loser and undoubtedly took a realistic attitude in determining whether to call certain witnesses suggested by appellant and conducted his examination of the witnesses as a lawyer rather than as appellant might have desired.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied June 26, 1968, and appellant's petition for a hearing by the Supreme Court was denied July 31, 1968.