[Crim. No. 6372.    Second Dist., Div. Two.    Apr. 21, 1959.]

THE PEOPLE, Respondent, v. DANIEL WILLIAM ALESI, Appellant.

Al Matthews and Robert P. Dockeray for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendant was convicted of violating section 11500, Health and Safety Code, in that he, on or about January 7, 1958, was in the unlawful possession of heroin. He was also charged with a prior misdemeanor conviction, which was found to be true, of the same section. He has appealed from the judgment and sentence and the denial of his motion for a new trial.

In the evening of January 5, 1958, Officer LeBrun, of the Glendale Police Department, received information from an informant indicating that defendant was under the influence of narcotics. The informant also gave LeBrun the description and license number of a Mercury automobile which, presumably, the defendant was driving at the time. The

officer knew the identity of the informant but had not previously acted on any information from her. Officer Hartley, of the Glendale Police Department, as a result of an all-car broadcast seeking information on the above automobile, observed it in the parking lot at a drive-in with the defendant sitting behind the steering wheel. Upon the arrival of Officer LeBrun, the defendant was asked to step out of the car. Defendant's speech seemed to be slurred but there was no alcoholic odor on his breath. Defendant's eyes were examined by the officers by shining a flashlight into them. They noticed that the pupils of his eyes were pinpointed and their reaction to light very poor. The officers compared this with the reaction to light of another officer's eyes. Defendant was placed under arrest on suspicion of narcotics. At the station defendant's arms were examined and Officer LeBrun noticed small red holes in his biceps and small blue scars on the inside arms at the elbow.

On January 7, 1958, Officer Moen received information from unnamed persons that when defendant was brought into the station he had an orange balloon, in which there was heroin, pinned to the inside of the cuff of his trousers; that while in the booking room he ripped the balloon off and flipped it into a corner under a cardboard; that he contacted three trusties in an effort to have them retrieve it for him. Thereafter the officers found the balloon and heroin. They thereupon bored a small hole through a door to the booking room so that they could observe what went on inside. There was also an open window through which like observations could be made. Officer Moen brought defendant into the booking room, ostensibly for further questioning. Officer Colton was stationed at the small hole in the door while Officer Broom looked through the window. Arrangements had been made to page Moen for a telephone call immediately so that defendant would be left alone to see if he would attempt to retrieve the heroin. Defendant was seated on a bench some four or five feet from the contraband. Upon Officer Moen's leaving the room Broom observed defendant get up and take a couple of steps toward an open closet, reach down and pick up an orange colored object, place it in his right hand pocket, and then sit down on the bench. Broom then entered the booking room. Defendant was sitting on the bench with both hands to his sides resting on the bench. As Broom stepped toward defendant to grab his hands, defendant took the bindle out of his pocket and placed it in his mouth. Broom grabbed defendant by the

throat and, as they fell to the floor, Officers Colton and Moen entered the room. A moment later the bindle fell out of defendant's mouth into Moen's hand.

As grounds for reversal, defendant argues it was error not to dismiss the case after the refusal of the officers to disclose the identity of the informant and that the testimony of the officers concerning defendant's possession of the balloon is unworthy of belief.

In the instant case, defendant's speech, appearance and behavior would warrant a good faith belief on the part of the officers that defendant was under the influence of narcotics in violation of section 11721, Health and Safety Code, a misdemeanor. (See *People* v. *Holland,* 148 Cal.App.2d 933, 936 [307 P.2d 703].) If a peace officer has "reasonable cause to believe that the person to be arrested has committed a public offense in his presence," he may, without a warrant, arrest such a person. (Pen. Code, § 836, subd. 1.)

It is not necessary to reveal the identity of an informant who merely points the finger of suspicion at a defendant and an arrest thereafter follows which is based solely upon observations made by law enforcement officers which reasonably led them to believe a public offense was being committed in their presence. (*Scher* v. *United States,* 305 U.S. 251, 254 [59 S.Ct. 174, 83 L.Ed. 151] ; *People* v. *Williams,* 51 Cal.2d 355, 359 [333 P.2d 19] ; *People* v. *Amado,* 167 Cal.App.2d 345, 347-348 [334 P.2d 254]; *People* v. *Smith,* 166 Cal.App.2d 302, 307 [333 P.2d 208].)

Since the defendant's arrest was valid apart from the information provided by the informant, the latter's identity need not be revealed under *Priestly* v. *Superior Court,* 50 Cal. 2d 812 [330 P.2d 39]. The following quotation from *People* v. *Amado, supra,* page 348, is apposite to the instant case: "The informers were neither participants in nor eyewitnesses to defendant's arrest. Disclosure of the identity of an informer has not been required where there was reasonable cause for a search and seizure apart from the informer's communication which led the police to suspect the defendant. (Citation.) Disclosure is not required where the informer is not a material witness on the issue of guilt. (Citation.) There is nothing in the record to indicate that any information might have been elicited from either informer which would be relevant or helpful to the defense of the defendant."

Defendant next argues that the testimony that he

brought heroin into the booking office, unfastened the balloon from the inside of the cuff of his trousers and threw it so that it landed under a piece of cardboard in a secluded alcove and that it went undetected for two nights and two days is not worthy of belief.

The testimony in this regard is not inherently improbable. At best, from defendant's viewpoint, it merely discloses unusual circumstances, and this will not warrant its rejection by an appellate court. ■ The applicable rule in this regard is stated in *People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758], as follows: ''Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. (Citation.) To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. (Citations.) ■ Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. (Citation.)'' (See also *People* v. *Webb,* 158 Cal.App.2d 537, 540 [323 P.2d 141].)

Therefore, as the identity of the informer need not have been revealed and the testimony of the officers regarding defendant's possession of the heroin is not inherently improbable, his appeal must fail.

■ Since no appeal lies from the sentence, the purported appeal therefrom is dismissed. (Pen. Code, § 1237; *People* v. *Gallardo,* 41 Cal.2d 57, 60 [257 P.2d 29].) The judgment and order denying the motion for a new trial are affirmed.

Ashburn, J., and Herndon, J., concurred.