UNITED STATES of America, Plaintiff-Appellee,

v.

Alonzo Pena CALDERA, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Lois Virginia CALDERA, Defendant-Appellant.

Nos. 24145, 24146.

United States Court of Appeals Ninth Circuit.

Filed Jan. 19, 1970.

153

Joseph H. Soble (argued), Tucson, Ariz., for Alonzo Pena Caldera, Paul E.

Wolf (argued), Tucson, Ariz., for Lois Virginia Caldera, William C. Scott, Tucson, Ariz., for appellants.

William C. Smitherman (argued), Asst. U. S. Atty., John L. Augustine, Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for appellee.

Before MERRILL, KOELSCH and HUFSTEDLER, Circuit Judges.

PER CURIAM:

■ Under the standards articulated in a series of cases from this court dealing with border searches of body cavities,[1] the Customs agents had sufficient indication of the presence of heroin to warrant subjecting Lois Virginia Caldera to an X-ray examination. Her refusal to submit to the X-ray and the fact that she was seen placing something in her mouth were sufficient to warrant a subsequent search of her mouth. No Fourth Amendment problem is presented.

■ Nor do we find a Fifth Amendment problem akin to that in Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). The conduct of Mrs. Caldera required reasonable force to subdue her and to prevent her apparent attempt to swallow the evidence. See Blackford v. United States, 247 F.2d 745, 752 (9th Cir. 1957), cert. denied, 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed.2d 586 (1958). We cannot say as matter of law that the force exerted was shocking or unreasonable under the circumstances.

The totality of the evidence was sufficient to present a jury question as to whether appellants were engaged in a joint enterprise.

As to both appellants judgment is affirmed.

1. See, e. g., Huguez v. United States, 406 F.2d 366 (9th Cir. 1968) ; Henderson v. United States, 390 F.2d 805 (9th Cir. 1967).