UNITED STATES of America

v.

Roosevelt HARRISON, Appellant.

No. 22415.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 1, 1969.

Decided July 15, 1970.

Mr. Mitchell Blankstein (appointed by
this court) for appellant.

Mr. James A. Treanor, III, Asst.U.S.
Atty. at the time of argument, with
whom Messrs. David G. Bress, U.S.Atty.
at the time the brief was filed, Frank Q.
Nebeker and Carl S. Rauh, Asst.U.S.
Attys. at the time the brief was filed,
were on the brief, for appellee.

Messrs. Thomas A. Flannery, U.S.
Atty., and John A. Terry, Asst.U.S.
Atty., entered appearances for appellee.

Before BURGER*, McGOWAN and
TAMM, Circuit Judges.

McGOWAN, Circuit Judge:

This is an appeal from a narcotics
conviction, by the court sitting without
a jury, under 26 U.S.C. § 4704(a).[1]  Ap-

---

* Circuit Judge (now Chief Justice) Burger
did not participate in the disposition of
this case.

1. It shall be unlawful for any person to
purchase, sell, dispense, or distribute
narcotic drugs except in the original

pellant was also charged with, and convicted of, a violation of 21 U.S.C. § 174, but the trial court set aside this conviction before sentencing. Appellant, as a second offender, was subject to a sentence of not less than five nor more than twenty years. 26 U.S.C. § 7237(a). The sentence imposed was seven years.[2] For the reasons hereinafter appearing, we affirm.

## I

In the District Court, appellant's effort was directed against the admission in evidence of the narcotics taken from him at the time of his arrest. At a pre-trial hearing of a motion to suppress, and again at trial, three police officers testified that the arrest had been made in the course of the execution of an arrest and search warrant issued on the basis of a police affidavit. That affidavit recited that, on the day preceding the arrest, the officers had taken an informant, known from prior experience to be reliable, to the vicinity of the apartment where appellant lived, searched him to see that he had no narcotics, given him money to buy narcotics, and observed him enter appellant's apartment, reappearing a short time later with narcotics in his possession which he said he had bought from appellant.

Armed with the warrant founded upon this showing, the officers on the following day knocked on appellant's door, identified themselves, in response to a query from within, as police possessed of a warrant, and entered when the door was not thereafter opened. Once inside, they saw appellant in the act of swallowing an envelope. An officer grabbed appellant by the throat and thereby succeeded in preventing the swallowing from being accomplished. The envelope contained 10 heroin capsules.

■■ The motions judge ruled after hearing this evidence that appellant was not entitled to the name of the informant for the purpose of inquiring into the adequacy of the affidavit supporting the warrant, a ruling followed by the trial judge when the matter was raised again. We find no error in this respect. As the Supreme Court has said, there is no federal evidentiary rule that the identity of an informer must invariably be disclosed. McCray v. Illinois, 386 U. S. 300, 311, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). The affidavit set forth what the officers themselves saw in respect of the purported sale of narcotics by appellant to the informer, and appellant did not challenge the credibility of the officers. *Compare* Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The informer played no role whatsoever in the execution of the warrant, or in connection with the offense for which appellant was charged and convicted. There was no abuse of discretion in the District Court's denial of the demand that the informer be produced. *See* United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), and Walker v. United States, 117 U.S.App.D.C. 151, 327 F.2d 957, cert. denied, 377 U.S. 956, 84 S.Ct. 1635, 12 L.Ed.2d 500 (1964).

■ Neither do we think that the manner of the execution of the search necessitates reversal. In the District Court, the challenge on this score was

---

stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found.

2. On this appeal appellant raised for the first time the contention that this sentence was cruel and unusual within the meaning of the Eighth Amendment. We

deferred decision of this appeal pending the resolution by us *en banc* of a similar claim in No. 21,186, Watson v. United States, decided this day. Watson, in turn, ——, decided this day. Watson, in turn, was delayed in anticipation of definitive Supreme Court resolution of Fifth Amendment self-incrimination challenges to the prima facie evidence provision of § 4704 (a). *See* Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

confined to a claim that the officers failed to announce their identity and purpose as contemplated by 18 U.S.C. § 3109. This issue is not pressed on appeal, wisely, we think, in view of the testimony of record. Instead, appellant raises a new issue, namely, that the action of the police in preventing appellant from swallowing the narcotics conflicted with either the Fourth or Fifth Amendments. We think, however, that the record shows reasonable police action under the circumstances, and is far from establishing undue force or brutality. *See* Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Unlike Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), upon which appellant relies, the officers here acted to prevent the destruction of evidence in the course of the execution of a valid warrant.

## II

■ Two other points were raised for the first time on appeal, and we notice them only because they derive from what are alleged to be supervening developments in the law. One is the claim that appellant's seven-year sentence is a cruel and unusual punishment barred by the Eighth Amendment.[3] We note preliminarily that this record is not devoid of any significant indication that appellant was a trafficker in narcotics. In any event, our decision *en banc* this day in Watson v. United States (No. 21,186) is conclusive that, on the record before us and the course taken by the proceedings in the District Court, appellant is not entitled to relief on this ground.

■ The other contention invokes Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), as authority for holding the enforcement of § 4704(a) to violate appellant's Fifth Amendment privilege against self-incrimination. Since the submission of this appeal, the Supreme Court has considered the *Marchetti-Grosso* principle in relation to § 4705(a). Its decision in Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969), is also, we think, dispositive of appellant's claim in respect of the statute under which he has been convicted, *i. e.* § 4704(a). As to other possible Fifth Amendment objections against this latter statute, these have been turned aside by United States v. Turner, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

Affirmed.

---

3. In a post-conviction motion to the trial court for reconsideration or, alternatively, for a new trial, appellant averred the invalidity under the Eighth Amendment of the mandatory minimum punishment to which he was exposed by his conviction. But his argument was cast in terms of the assertedly unacceptable prosecutorial discretion to proceed under the federal narcotics statutes rather than those contained in the D.C.Code. *See* Hutcherson v. United States, 120 U.S.App.D.C. 274, 345 F.2d 964 (1965).