**Nathaniel WATKINS, Petitioner-Appellant,**

v.

**Louis S. NELSON, Warden, et al., Respondents-Appellees.**

**No. 24693.**

United States Court of Appeals, Ninth Circuit.

Aug. 27, 1970.

Nathaniel Watkins, in pro per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg and Michael Buzzell, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before BARNES, BROWNING and CARTER, Circuit Judges.

PER CURIAM:

Appellant, a state prisoner convicted of arson, appearing on his own behalf and in *forma pauperis*, appeals from a denial of his petition for habeas corpus in the District Court.

Petitioner claimed he was inadequately represented by counsel in that his attorney did not subpoena witnesses which "would be of assistance in furnishing an alibi." This allegation was held "indefinite, conclusionary and insufficient as a statement of facts upon which this (District) Court could grant relief."

Petitioner sought a rehearing *or* a certificate of probable cause below. He stated "the witnesses" he sought were mainly "the parole officer who was responsible for the arrest of petitioner." The parole officer arrested the prisoner for violation of probation upon the complaint of one Savannah Hamilton that, contrary to his parole restrictions, appellant had threatened Hamilton over the phone, had admitted to her he had set the fire "as an indication he was serious and she would be next." (See facts in State Court Opinion—People v. Watkins, 262 Cal.App.2d 687, 68 Cal.Rptr. 871).

Appellant urges that because Savannah Hamilton did not see petitioner at the scene, while her daughter, Patricia Owens, saw petitioner coming out of the premises (a tool-shed), which were burned, that an "inconsistency"

existed between the two witnesses' testimony. This fact is no basis for habeas corpus relief.

Appellant refuses to recognize the significance of the eye-witness identification, which places him at the scene, running from the tool-shed where a fire had been intentionally started, after he had been convicted and imprisoned for offenses against Savannah Hamilton; had threatened her within hours after his release from prison on parole; and had threatened "to get her next" the morning *after* the fire.

Because his attorney refused to call petitioner's parole officer to testify, appellant claimed he was denied compulsory process for the production of witnesses, and had received inadequate representation by counsel. These issues were discussed and determined adversely to appellant by the State's Court of Appeal.[1] We agree, and we *affirm* the denial of habeas corpus relief.

---

1. The State Court held that counsel, "in representing a six-time loser merely took a realistic attitude in determining whether to call certain witnesses suggested by the defendant," was acting in a competent and professional manner. See People v. Watkins, *supra*.