**UNITED STATES of America,**
**Appellee,**

v.

**Santiago MOS, Appellant.**

**No. 24271.**

United States Court of Appeals,
Ninth Circuit.

Dec. 23, 1970.

Rehearing Denied Jan. 18, 1971.

Lorraine A. Smith (argued), San Francisco, Cal., for appellant.

David Curnow (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Div., Dennis E. Kinnaird, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY, HUFSTEDLER, and TRASK, Circuit Judges.

PER CURIAM:

In a jury trial, Mos was found guilty of having violated 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). In his appeal, he presents numerous contentions, of which only one merits discussion. This is the contention that he did not have effective assistance of counsel, as guaranteed by the Sixth Amendment.

Mos was tried together with a codefendant, one Louis Sipeo. They were both represented by the same attorney, who, incidentally, is not representing Mos on this appeal. During the course of the trial, the Government agreed to allow Sipeo to plead guilty to a lesser charge, thus escaping the risk of conviction for the graver crimes with which he, and Mos, were originally charged. However, the prosecution, with the consent of the defense attorney, requested the trial judge to grant permission that the remainder of the trial should proceed as if both defendants were still being tried for the original offenses. The request was granted, three prosecution witnesses testified, and three exhibits were introduced into evidence against both defendants. The jury was not told that Sipeo was no longer involved in the case until just before the commencement of counsel's arguments in summation. Mos argues that his attorney should have insisted upon a severance, that as a result of this arrangement, the jury heard testimony about the activities of Sipeo which would only be admissible as to Mos under the "common plan or scheme" doctrine, and that once Sipeo was no longer charged with the same offense, no common plan could be imputed. However, the testimony of one Garrison raised the permissible inference that Sipeo was acting as an agent for Mos. Thus, the testimony and exhibits involved were independently admissible as to Mos, and the conflict of interest urged by Mos is not apparent from the record now before us.

We are troubled by the possibility that a behind-the-scenes agreement between defense counsel and the Govern-

ment resulted, not only in a favorable disposition for Sipeo, but in an arrangement by which Mos was denied whatever inferences an aggressive counsel might have urged in his favor, based upon the agreed disposition of Sipeo's case. Mos might have chosen to attempt to produce Sipeo as a witness in the former's behalf, had not the joint defense attorney made the representation, in connection with the agreement concerning Sipeo, that Sipeo would not testify. Furthermore, although such is difficult now to perceive, Mos' counsel's failure to move for a mistrial after he had made his deal with the Government on Sipeo's behalf may have been a strategic choice made for the benefit of Mos, of which Mos was fully apprised and to which he assented. On the other hand, it may have been a part of the defense lawyer's strategy on Sipeo's behalf, whereby he sacrificed Mos in order to benefit Sipeo —a clear deprivation of effective counsel to Mos. *Cf.* People v. Keesee, 250 Cal. App.2d 794, 58 Cal.Rptr. 780 (1967). The face of the record before us is inadequate to permit us to resolve these questions. Their resolution must await the creation of a more complete factual record, possibly in connection with a collateral proceeding.

Affirmed.[1]

1. The appellant's motion for bail pending appeal, deferred for consideration until the time of the submission of the appeal on the merits, is now denied.