**UNITED STATES of America,
Appellee,**

v.

**Louis Henry COX, Appellant.**

**No. 25765.**

United States Court of Appeals,
Ninth Circuit.

Feb. 19, 1971.

Rehearing Denied March 16, 1971.

Lawrence H. Eisenberg (argued), of Gamble, Crum & Eisenberg, Sherman Oaks, Cal., for appellant.

Brian J. O'Neill, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, CARTER and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant was indicted for three offenses. Count One charged him with knowingly and unlawfully receiving, concealing and facilitating the concealment and transportation of heroin, a narcotic drug, in violation of 21 U.S.C. § 174. Count Two charged him with knowingly and unlawfully selling and facilitating the sale of the same drug, which appellant knew had been illegally imported into the United States, in violation of 21 U.S.C. § 174. Count Three charged him with knowingly and unlawfully selling, bartering and giving away the same heroin without obtaining from the purchaser a written order on a form issued for that purpose, in violation of 26 U.S.C. § 4705(a). After waiving a jury, appellant was tried by the court, convicted on all three counts, and sentenced to concurrent terms of five years imprisonment on each count.

## FACTS

Only two witnesses gave testimony at the trial. For the prosecution, a government narcotics agent testified that he met the appellant and purchased 10.360 grams of heroin from him for $175.00, and that appellant never asked him for a written order form. Appellant, testifying in his own defense, acknowledged that he had met the agent, but denied selling the heroin to him or making any arrangements with him for such a sale, though he admitted discussing a possible sale of cocaine over the telephone. Appellant insisted that the agent must have purchased the heroin from appellant's brother, Herbert, who strongly resembled appellant. The agent, however, testified that he was positive that appellant was the one who had sold him the drug. In deciding the case, the trial judge stated that he believed the agent's ac-

count of what transpired was more credible than the story offered by appellant.

## CONTENTIONS

(1) Appellant contends that he was denied the effective assistance of counsel for the following reasons: (a) failure to use pretrial discovery, (b) waiving the jury, (c) stipulating that the package sold contained heroin, (d) failure to object to a telephone conversation, (e) failure to call Herbert Cox as a witness, and (f) conflict of interest on the part of appellant's attorney which prevented him from properly defending appellant.

■ We have read the record and, with the exception of the last contention, hold that the actions of the attorney might be viewed as poor trial tactics, but that such actions, even if "poor" or "careless", did not rise to the dignity of plain or constitutional error. Certainly there is nothing in the record which would justify us in holding that the performance of appellant's attorney was " * * * so incompetent as to make the trial 'a farce or a mockery of justice' * * * ", which appellant must show in order to prevail. Musgrove v. Eyman, 435 F.2d 1235 (9th Cir. 1971); Kruchten v. Eyman, 406 F.2d 304, 312 (9th Cir. 1969).

■ Appellant's charge that he was denied effective assistance of counsel due to a conflict of interest is based on the fact that his lawyer also represented appellant's brother, Herbert, in another narcotics case at or about the time of appellant's trial. Appellant's contention is without merit. The record indicates that Herbert was in the courtroom during the trial, but was not called to testify for the defense. Although Cox's appellate counsel rather darkly suggests that there may have been a hidden "deal" between the United States Attorney and appellant's trial attorney not to call Herbert, we find nothing before us which even remotely suggests such unprofessional conduct. On this issue, we find ourselves in much the same position as was another panel of this court in United States v. Mos, 435 F.2d 1259 (9th Cir. 1970), where the same type of charge was made under similar circumstances and was rejected because of the factual inadequacy of the record. From all we can gather from the record in the instant case, the failure to call Herbert might well have been part of the defense strategy of appellant's trial counsel. Moreover, there is nothing which would indicate that appellant even suggested that his brother be summoned. On these facts, we feel compelled to emphasize the basic right and implied authority of counsel to conduct the defense in such manner as he sees fit. Eaton v. United States, 437 F.2d 362 (9th Cir. 1971); Watkins v. Nelson, 430 F.2d 1311 (9th Cir. 1970); United States v. Meek, 388 F.2d 936 (7th Cir. 1968), cert. denied 391 U.S. 951, 88 S.Ct. 1855, 20 L.Ed.2d 866 (1968). We would be much more sympathetic to appellant's claim if, as was the case in Glasser v. United States, 315 U.S. 60, 75, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the appellant had specifically asked for the "undivided assistance" of counsel and been refused. Here, there was no such request.

■■ (2) Next, appellant urges that he was deprived of the presumption of innocence by reason of the trial judge's comments, at the time of decision, on the credibility of the witnesses. A judge not only has the right, but is constantly encouraged to state the reasons for his decision. Here, the judge said that the government agent had "no reason to lie" and then gave reasons why he did not believe appellant's version of what occurred. Needless to say, the presumption of innocence may completely disappear in the light of the totality of existing facts.

■ (3) Finally, appellant argues that there was insufficient evidence to sustain the conviction on Count One. The government agent testified that appellant had possession of the heroin. Under the provisions of 21 U.S.C. § 174, the unexplained possession of the drug permits a statutory inference of guilt by

the trier of the facts. Turner v. United States, 396 U.S. 398, 405–406, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); Verdugo v. United States, 402 F.2d 599 (9th Cir. 1968). Moreover, since the sentences on all three counts are to run concurrently and appellant does not challenge the sufficiency of the evidence on Counts Two and Three, the question of whether there was sufficient evidence to sustain the conviction on Count One is academic. United States v. Tamayo, 427 F.2d 1072 (9th Cir. 1970); Jordan v. United States, 416 F.2d 338 (9th Cir. 1969), cert. denied 397 U.S. 920, 90 S.Ct. 930, 25 L.Ed.2d 101 (1970), rehearing denied 397 U.S. 1018, 90 S.Ct. 1232, 25 L.Ed.2d 433 (1970).

Finding no error, we affirm.