**Frazier EATON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 26047.**

United States Court of Appeals, Ninth Circuit.

Jan. 25, 1971.

Certiorari Denied April 26, 1971.

See 91 S.Ct. 1532.

(9th Cir. 1969)], rejected Eaton's claim of inadequate trial representation due to his retained counsel's "unexplained failure to subpoena a material witness" and denied him § 2255 relief.

It concluded, in substance, that counsel's non-action was not due to inadvertence or neglect but instead was part of counsel's careful trial strategy and that Eaton was adequately represented.

The record fully supports these factual conclusions. Counsel testified that, after discussions with Eaton, he interviewed Carter, the prospective witness, but was convinced that Carter—who was a government informer—would be "the worst possible witness to call on behalf of the defense." And, as the district judge noted, at the trial counsel "evidenced a thorough knowledge and understanding of the case."

Eaton also urges that he was not afforded an opportunity to participate in the decision not to call Carter and was consequently deprived of the Sixth Amendment guarantee of compulsory process for the production of witnesses. The argument rests on the premise that this right may not be waived by counsel. The premise cannot be accepted, however, since it ignores both the purpose of the right and the implied authority of counsel to conduct the defense. Watkins v. Nelson, 430 F.2d 1311 (9th Cir. 1970); United States v. Meek, 388 F.2d 936 (7th Cir. 1968), cert. denied, 391 U.S. 951, 88 S.Ct. 1855, 20 L.Ed.2d 866. See Wilson v. Gray, 345 F.2d 282 (9th Cir. 1965), cert. denied, 382 U.S. 919, 86 S.Ct. 288, 15 L. Ed.2d 234 (attorney empowered to waive an accused's confrontation right without prior consent).

Eaton's remaining points do not merit discussion.[1]

Affirmed.

John H. Bradbury (argued), of Howard, LeGros, Bruchanan & Paul, Seattle, Wash., for appellant.

Charles Pinnell (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

The district court, following an evidentiary hearing pursuant to remand [United States v. Eaton, 416 F.2d 22

---

1. (a) Denial of due process because he was not afforded a 2255 hearing before Carter became unavailable. See McDonald v. United States, 282 F.2d 737 (9th Cir. 1960).

(b) Denial of due process because he did not receive legal assistance in preparing his 2255 motions. See Johnson v. Avery, 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718 (1968); Dillon v. United States, 307 F.2d 445 (9th Cir. 1962).