**Daniel William ALESI, Petitioner-Appellee,**

v.

**Walter E. CRAVEN, Respondent-Appellant.**

**No. 25331.**

United States Court of Appeals, Ninth Circuit.

July 21, 1971.

---

Frederick R. Millar, Jr., Deputy Atty. Gen. (argued), William E. James, Asst. Atty. Gen., Evelle J. Younger, Atty. Gen., Los Angeles, Cal., for respondent-appellant.

Norman Elliott (argued), John W. McClure, Los Angeles, Cal., for petitioner-appellee.

Before DUNIWAY, WRIGHT and KILKENNY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal on behalf of the State of California from a judgment of the district court which granted a petition for writ of habeas corpus. That court directed that petitioner-appellee be released unless within 60 days the state authorities shall have instituted proceedings to retry him on the charge that formed the basis for the conviction complained of. We affirm.

Appellee was convicted in 1958 of possessing narcotics and the conviction was affirmed. People v. Alesi, 169 Cal.App. 2d 758, 337 P.2d 838 (1959). In 1969 he petitioned the district court for a writ of habeas corpus.

An evidentiary hearing was held and the district court determined that petitioner's constitutional rights were violated in a number of significant particulars. In its findings of fact, the district court recited:

"Viewing the matter as a whole, the Court finds that this is an exceptional case wherein the need for the remedy of *habeas corpus* to correct a miscarriage of justice, as measured by minimal constitutional standards, is clearly apparent. * * *

"As hereinafter found, the court has determined that petitioner's constitutional rights were violated in a number of significant particulars. Without selecting any one or more as controlling, the court finds that petitioner was denied due process of law, contrary to the Fourteenth Amendment, and did not receive a full, fair and adequate hearing in the California criminal proceedings in violation of his constitutional rights."

In its specific findings, the court noted that appellee did not have adequate trial and appellate counsel, he was arrested without a warrant only on suspicion after information was supplied by an unidentified informant whose name and reliability were not established, and that jailhouse informants' hearsay statements were used as substantive evidence against him.

The district court made special mention of an incident in the booking room of the county jail. A rubber container of heroin was extracted from appellee's throat.

The judge, after hearing the oral testimony of the police officers involved in the incident, found that their conduct seemed to "amount to conduct sufficient

to 'shock the conscience' under the rule of Rochin v. California, 342 U.S. 165 [72 S.Ct. 205, 96 L.Ed. 183] (1952)."

After examining the record we cannot say that the findings were clearly erroneous. The judgment of the district court is affirmed.

KILKENNY, Circuit Judge (dissenting):

The principal issue before us is the asserted inadequacy of appellee's counsel in the state trial and on the appeal, People v. Alesi, 169 Cal.App.2d 758, 337 P. 2d 838 (1959). The district judge held that counsel's failure to emphasize the alleged illegality of the "choking" incident, by which the officers obtained the bindle of heroin, demonstrated that the attorney was so incompetent that appellee was deprived of due process. The judge felt that the decision of the California Court in People v. Martinez, 130 Cal.App.2d 54, 278 P.2d 26 (1954), was so clearly in point that counsel's failure to raise the issue amounted to incompetence of constitutional magnitude. He also thought that Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), required counsel to raise the point. I disagree.

First of all, we must look to the record before the state trial and appellate courts, rather than to the one made in the district court. The physical activity of the officers as shown by the state court record, or for that matter the district court record, does not approach the brutal tactics employed by the officers in *Martinez, supra.* Besides that, the district court should not have elevated *Martinez* to the dignity of federal constitutional dogma. *Rochin,* as I read it, is no authority for what was said in *Martinez.*

Factually, *Martinez* and *Rochin* are clearly distinguishable. There, the officers were making a mouth and throat *search* for what they *believed* to be contraband. Here, the officers *knew* that the bindle, which appellee was attempting to swallow, contained heroin and they were attempting to prevent the appellee from destroying the evidence. In these circumstances, the actions of the officers must be measured by an entirely different rule. United States v. Harrison, 139 U.S.App.D.C. 266, 432 F.2d 1328 (1970); United States v. Caldera, 421 F.2d 152, 153 (9th Cir. 1970).

Beyond that, the attorneys for the appellee during the course of the state trial and appeal could well have decided on the record there existing that neither *Martinez* nor *Rochin* were applicable. Indeed, counsel could well have had in mind, People v. Dixon, 46 Cal.2d 456, 296 P.2d 557 (1956), a case decided after *Martinez,* and, prior to appellee's trial in the California courts. There, the court held that an officer may use such force as is reasonably necessary. Only reasonable force to prevent the destruction of evidence is disclosed by the original record before the California courts, and now before us.

Keeping the totality of circumstances before the state court in mind, I am forced to the conclusion that there is nothing in the conduct of the original attorneys, in failing to raise the "choking" issue, to suggest that they were " * * * so incompetent as to make the trial 'a farce or a mockery of justice' * * * *", the standard by which we are to measure their conduct. United States v. Cox, 439 F.2d 86, 88 (9th Cir. 1971); Musgrove v. Eyman, 435 F.2d 1235 (9th Cir. 1971); Kruchten v. Eyman, 406 F. 2d 304, 312 (9th Cir. 1969). Here, I emphasize the basic right and implied authority of an attorney to conduct the defense in such manner as he sees fit. United States v. Cox, *supra;* Eaton v. United States, 437 F.2d 362 (9th Cir. 1971); Watkins v. Nelson, 430 F.2d 1311 (9th Cir. 1970).

Next, the record before us does not support the district court's conclusion that the arrest in the instant case was made solely upon the information of an informant whose reliability was not established. The arresting officer had information that the appellee was under the influence of narcotic drugs. The of-

ficer subsequently verified this information through his observations of appellee's speech, appearance and behavior. Any reliance which the officer may have placed upon the information was justifiable after its details had been verified. Gilbert v. United States, 366 F.2d 923 (9th Cir. 1966); United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L. Ed.2d 723 (1971).

Appellee's actions in taking possession of heroin in the booking room, coupled with his attempts to prevent its seizure by the police, and other unchallenged evidence, are sufficient to prove the crime of which he stands convicted. Any possible consideration of the hearsay statements of the jailhouse informants, even if they presented a constitutional issue, would be harmless beyond a reasonable doubt within the teachings of Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969) and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Other points mentioned by the district judge are of no importance. I would reverse the judgment.