William H. KENDRICK, Appellant,

v.

Louis S. NELSON, Warden, Appellee.

No. 25689.

United States Court of Appeals, Ninth Circuit.

Aug. 31, 1971.

Merrill, Circuit Judge, filed concurring opinion.

William H. Kendrick, in pro. per.

Evelle J. Younger, Cal. Atty. Gen., Derald E. Granberg, Louise H. Renne, Deputy Attys. Gen., San Francisco, Cal. for appellee.

Before MERRILL and KILKENNY, Circuit Judges, and BELLONI, District Judge.*

KILKENNY, Circuit Judge:

This is an appeal from an order denying appellant's petition for a writ of habeas corpus, in which he challenges the validity of his commitment under a judgment of the superior court of the state of California. He was there sentenced to from six months to ten years imprisonment for violation of California Penal Code § 496, receiving stolen property. On the same date he was remanded into custody for violation of a probation then being served for violation of

California Health & Safety Code, § 11557. Even though appellant did not appeal from the original state judgment, he has now satisfactorily exhausted all available state remedies and has been denied certiorari by the Supreme Court of the United States.

BACKGROUND

The state court record, the only evidence before the district court, discloses that the two arresting officers, in the early morning hours of November 22, 1966, stopped appellant for a minor traffic violation [lack of adequate license plate illumination].[1] After stopping the vehicle, the officers noticed an open container of beer in the front seat. The officers were aware of numerous recent burglaries of residential and commercial establishments and thefts of motor vehicles in the area. Appellant was the driver of the vehicle. Two male companions were riding with him. One of the officers requested appellant's driver's license and asked appellant to step to the rear of the automobile to observe the lack of illumination of the license plate. Appellant, when asked for his driver's license, replied that he had only a temporary driver's license, which he did not produce. When the officer removed the open container of beer from the front of the vehicle, he advised appellant that it was a violation of the California Vehicle Code to have an open alcoholic beverage container in the automobile.[2] One of the officers then inquired as to the vehicle ownership and appellant said it was his. When asked for the vehicle registration card, the appellant said it was in the car. At the time, the California Vehicle Code § 4454 required that the registration card be displayed in such a way as to be plainly visible and legible from the outside of the vehicle. The officer then looked on the visor, the steering column and the

---

* The Honorable Robert C. Belloni, United States District Judge for the District of Oregon, sitting by designation.

1. California Vehicle Code §§ 24250, 24252, 24601 and 42001.

2. California Vehicle Code, §§ 23122 and 23123.

right front corner of the window where registrations are normally posted, but found no card.

The officer, looking for the registration card and for more alcohol, opened the glove compartment and found a loaded clip for a .30 caliber rifle. The appellant, when asked, said it was a clip for his gun which he had in the trunk. The officer asked appellant if he could see the gun and appellant said, "yes". The keys were then removed from the ignition switch by the officer, the trunk was opened and in the trunk were found numerous articles, including a rifle, a movie projector and a "Language Art Kit", which had been stolen from Compton Elementary School some time during the night of November 21st or the early morning of November 22nd. The state court, on the evidence here summarized, denied appellant's preliminary motion to suppress the evidence. Later, the appellant waived a jury and agreed to a trial by the court on the 38-page transcript of the preliminary hearing on the motion to suppress. The record contained conclusive testimony indicating that the property found in the trunk of appellant's car was stolen. The state court found the appellant guilty of violating § 496.

## ISSUES

(1) Did the district court err in concluding that the evidence was not the product of an illegal search and seizure, and (2) was appellant denied the effective assistance of counsel?

(1) Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968), is somewhat in point. There, the court found that the officer had a legal right to open the car door. When he opened the door, he noticed the registration certificate. In *Harris*, the door was lawfully opened in conformity with a regulation which required police to search the vehicle thoroughly, to remove all valuables and to attach to the vehicle a property tag listing certain information. Here, the California law required the registration certificate to be in plain

sight. Appellant invited the officer to look in the car for the registration certificate. Since it was not found in its usual and customary place, the officer could well assume that it might be in the glove compartment and that the invitation to look extended to that very compartment. It has long been settled that objects falling into the plain view of an officer who has the right to be in the position to have that view are subject to seizure and may be introduced in evidence. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927).

Appellant was subject to arrest for: (1) failure to properly display the registration certificate; (2) carrying an open container of alcoholic liquor in the automobile, and (3) improper license plate illumination. Under the totality of these circumstances, the officer had probable cause to search for the evidence of the crimes. Beyond question, an officer trained in his duties would have reason to believe that the registration certificate might be found in the glove compartment. Appellant's insistence that the certificate was in the automobile no doubt prompted the opening of the glove compartment when the certificate was not found in the usual and customary places. Under these circumstances, an officer would be remiss in his duties in not taking a look into the readily accessible glove compartment.

When the glove compartment was opened, the cartridge clip was in plain sight. The officer then had probable cause to believe that the occupants of the automobile might have a dangerous weapon. This placed the officer in the position envisioned by Justice Black in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), upon which appellant relies. There, the Justice said, "The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, * * *". *Preston, supra*, at p. 367, 84

S.Ct. at p. 883. Here, the appellant told the officer that the gun was located in the trunk and invited him to look at it. When the trunk door was opened, the stolen merchandise was in plain view.

We must also keep in mind that the search of an automobile proceeds on a theory entirely different from that justifying a search actually incident to an arrest. Chambers v. Maroney, 399 U.S. 42, 49, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The Supreme Court has long distinguished between the search of an automobile and that of a home or an office. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, *supra*, p. 48, 90 S.Ct. 1975.

■ Automobiles, because of their mobility, may be searched without a warrant upon facts not justifying a warrantless search of a residence or an office. Dyke v. Taylor Implement Manufacturing Co., Inc., 391 U.S. 216, 88 S. Ct. 1472, 20 L.Ed.2d 538 (1968). For constitutional purposes, there is no difference between, on the one hand, seizing and holding an automobile before presenting the probable cause issue to a magistrate and, on the other hand, carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment. Chambers v. Maroney, *supra*, 399 U.S. p. 52, 90 S.Ct. 1975. Clearly, on the record before us, a magistrate would have probable cause for issuance of a search warrant to the officer to search the car for the missing certificate or, for that matter, for further evidence of open liquor containers. On a somewhat comparable record, the Seventh Circuit in United States v. Jackson, 429 F.2d 1368 (7th Cir. 1970), in applying Chambers v. Maroney, *supra*, held that the officers had a right to search an automobile in order to find "ownership papers". It was there said, "The search of the car was compelling under the circumstances and was fully justified not only to find any instruments of the indicated crime *but also any evidence pertaining to a crime, such*

*as title papers, ownership, use and possession of the car."* P. 1372 (Emphasis added). The fact that the registration certificate, for which the officer was searching, would be "mere evidence" of the crime does not invalidate the search. Warden v. Hayden, 387 U.S. 294, 300–310, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); United States v. Mahler, 442 F.2d 1172 (9th Cir. 1971).

Our own court has been required to alter its views on a related set of facts. In Heffley v. Hocker, 420 F.2d 881 (9th Cir. 1969), the majority held that the search of an automobile was illegal. On certiorari to the United States Supreme Court, sub nom. Hocker v. Heffley, 399 U.S. 521, 90 S.Ct. 2236, 26 L.Ed.2d 780 (1970), the judgment was vacated and the cause remanded for further consideration in the light of Chambers v. Maroney, *supra*. On remand, this court held that the search and seizure were valid and affirmed the order dismissing the habeas corpus proceeding. Heffley v. Hocker, 429 F.2d 1321 (9th Cir. 1970). In *Heffley,* as here, the officer asked the driver for his identification and driver's license. At that time, the officer noticed a gun under the seat and placed the driver under arrest. At the police station, without a search warrant, the officer searched the entire automobile. During the search, the questioned documents were found on the floor of the car. These documents consisted of two passports, a certificate of registration, and a certificate of ownership. All of the papers, it later developed, had been stolen during a burglary. While *Heffley* is factually distinguishable from our case, the final conclusion reached by the court indicates that *Maroney,* if not completely controlling, should be given great weight in our determination.

The recent cases of United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) and Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) are factually distinguishable and cast little, if any, light on the propriety of the officers' actions here in question.

(2) Our exhaustive examination of the record convinces us that appellant's claim that he was denied the effective assistance of counsel is completely without merit. The fact that appellant elected to proceed on the record made in the state court at the preliminary hearing was, no doubt, an exercise of judgment by the attorney. In all probability, the attorney thought that a trial would develop a more extensive record of criminality on the part of his client and that the cold record presented a better chance for acquittal. The same is true of the lawyer's motion to dismiss as to appellant's companions. From the record before us, it is patently clear that the case against the companions was not as strong as the one against appellant. There is nothing in the record to suggest that counsel's representation of appellant amounted to a farce or a mockery of justice, the test outlined in United States v. Cox, 439 F.2d 86, 88 (9th Cir. 1971); Bouchard v. United States, 344 F.2d 872 (9th Cir. 1965), and other Ninth Circuit cases.

Affirmed.

MERRILL, Circuit Judge (concurring):

I concur. I agree that the search and seizure were lawful under all the circumstances of this case, and I think it worthwhile to clarify the majority's rationale on this point. The search of the glove compartment without a warrant was lawful because the officer had probable cause to believe that the glove compartment contained further evidence of violations of the California Vehicle Code, and it was not practical to secure a warrant because the opportunity to search was fleeting. *See* Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543 (1925). *See also* Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). As I read the majority opinion, it relies on the above rationale and not on the theory that the present record establishes an intelligent consent to search, which must satisfy the standards of Schoepflin v. United States, 391 F.2d 390 (9th Cir. 1968), and Cipres v. United States, 343 F.2d 95, 97 (9th Cir. 1965).