**UNITED STATES of America, Appellee,**

v.

**Juan F. TORRES, Appellant.**

**No. 90–2355WM.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 4, 1990.
Decided Dec. 21, 1990.

Larry C. Pace, Kansas City, Mo., for appellant.

Thomas H. Newton, Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Juan F. Torres appeals his convictions for conspiracy to distribute and distribution of crack cocaine and his guidelines sentence as a career offender.

■ Kansas City police officers arrested Torres during a drug raid. After noticing Torres's mumbled speech, one of the officers asked Torres to open his mouth and raise his tongue. Torres complied, revealing two small baggies of crack cocaine. Torres contends the district court committed error in refusing to suppress the baggies of crack found in his mouth. We disagree. We believe the unforced inspection of Torres's mouth was a minor intru-sion that did not implicate Torres's fourth amendment rights. *See United States v. Weir,* 657 F.2d 1005, 1007 (8th Cir.1981); *United States v. Caldera,* 421 F.2d 152, 153 (9th Cir.1970).

Torres also contends the career offender guidelines violate due process because "the use of a mechanical formula" deprived him of a judge's sentencing discretion. Torres's argument, however, is foreclosed by this court's contrary holding in *United States v. Green,* 902 F.2d 1311, 1313 (8th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 353, 112 L.Ed.2d 316 (1990).

■ Finally, Torres contends the district court committed error in refusing his request for a downward departure on the ground his codefendant received a lesser sentence than his own. Again, we disagree. Contrary to Torres's argument, a district court may not depart from the guidelines based solely on a codefendant's sentence. *See United States v. Parker,* 912 F.2d 156, 158 (6th Cir.1990). Thus, the district court correctly rejected Torres's request for a downward departure.

Torres's convictions and sentence are affirmed.