960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
United States of America, Appellee,
v.
Ronnie Earl Harrison, Appellant.
 No. 91-3355.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 13, 1992.
Filed: April 24, 1992.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Ronnie Earl Harrison appeals his sentence of 121 months imposed by the district court after Harrison pleaded guilty to drug offenses. We affirm.
 
 
 2
 Harrison pleaded guilty to three counts of aiding and abetting the distribution of cocaine base, one count of aiding and abetting possession with intent to distribute cocaine base, and one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. There was no plea agreement.
 
 
 3
 Following his arrest, Harrison advised authorities where to find his drug source, after which authorities arrested that person with four others; he gave details regarding his drug trafficking; and he led authorities to another drug dealer, which resulted in the dealer's arrest and conviction for drug and firearms offenses.
 
 
 4
 The district court computed a sentencing range of 121 to 151 months, based on an offense level of 32 and a category I criminal history. Harrison moved for a downward departure under U.S.S.G. §§ 5K1.2, p.s. and 5K2.0, p.s., based on his cooperation with authorities, and under section 5K2.0, based on sentencing disparity with his codefendant, lack of criminal record, and the risks of incarceration due to his small stature. The court refused to depart downward, noting that the factors Harrison proposed were taken into consideration by the Sentencing Commission in formulating the Guidelines, and the Guideline range fairly and accurately reflected the severity of the offense. This appeal followed, in which Harrison argues that the court erred in refusing to depart downward.
 
 
 5
 Under section 5K2.0, a district court may depart downward from a sentencing range if it finds a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. It is not completely clear from the transcript whether the district court concluded it lacked power to depart, or whether it exercised its discretion not to depart. For purposes of this opinion, we assume it concluded it lacked authority to depart; thus, we review its ruling de novo. United States v. Kelley, Nos. 90-1027/90-1081, slip op. at 4 (8th Cir. Feb. 5, 1992).
 
 
 6
 The district court correctly concluded that the Commission adequately considered a defendant's cooperation with authorities when it formulated the Guidelines. See United States v. Justice, 877 F.2d 664, 666 (8th Cir.), cert. denied, 493 U.S. 958 (1989). Citing United States v. Khan, 920 F.2d 1100 (2d Cir. 1990), cert. denied, 111 S. Ct. 1606 (1991), Harrison urges that the Commission has not adequately considered the value of "nontestimonial street information." Harrison's reliance on Khan is misplaced. Khan held that the Commission had considered a defendant's assistance to the government and that "[t]he only exception to this rule is where the defendant offers information regarding actions he took, which could not be used by the government to prosecute other individuals (rendering § 5K1.1 inapplicable), but which could be construed as a 'mitigating circumstance' for purposes of § 5K2.0." Khan, 920 F.2d at 1107. Harrison's statements to authorities, however, constituted "assistance in the investigation or prosecution of another person who has commited an offense," as stated in section 5K1.1. In fact, Harrison concedes in his brief that his information "could have been used and was used to prosecute others."
 
 
 7
 We agree with the government that Harrison did not urge the district court to depart based on prosecutorial bad faith. Thus, that issue is not properly before us. See United States v. Oransky, 908 F.2d 307, 309 (8th Cir. 1990). In any case, the claim fails, because Harrison has not shown the government promised him anything. See United States v. Spees, 911 F.2d 126, 128 (8th Cir. 1990) (per curiam); Khan, 920 F.2d at 1104. Harrison's argument that the government violated section 5K1.2 also lacks merit; there is no evidence that the government urged or the court considered any refusal by Harrison to assist authorities as an aggravating sentencing factor.
 
 
 8
 To the extent that Harrison is reasserting the court should have departed downward based on the disparity between his sentence and that of his codefendant, his argument fails. See United States v. Torres, 921 F.2d 196, 197 (8th Cir. 1990) (district court may not depart from Guidelines based solely on codefendant's sentence). Harrison's remaining arguments were not raised below, see Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985), and have no merit. We do not understand Harrison to be asserting error in the court's refusal to depart downward based on his small stature and lack of criminal history.
 
 
 9
 The sentence is affirmed.