26 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nicky William WOODALL, Petitioner-Appellant,
v.
James ROWLAND, Respondent-Appellee.
 No. 93-16106.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1994.[1]
Decided June 2, 1994.
 
 1
 Before: NORRIS and O'SCANNLAIN, Circuit Judges and COUGHENOUR, District Judge.[2]
 
 MEMORANDUM[3]
 
 2
 Nicky Woodall was convicted of first degree murder. After exhausting his state court remedies, Woodall filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court adopted the findings and recommendations of the magistrate judge and denied the petition. Upon a motion by Woodall, the district court issued a certificate of probable cause to appeal. This timely appeal followed. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we affirm.
 
 I.
 
 3
 A district court's denial of a petition for a writ of habeas corpus is reviewed de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). Because the facts are familiar to the parties, we do not restate them here.
 
 
 4
 The right to compulsory process may be waived by counsel without a client's consent. Eaton v. United States, 437 F.2d 362 (9th Cir.1971), cert. denied, 402 U.S. 931 (1971); Watkins v. Nelson, 430 F.2d 1311 (9th Cir.1970); Wilson v. Gray, 345 F.2d 282 (9th Cir.1965), cert. denied, 382 U.S. 919 (1965); accord Taylor v. Lane, 470 F.Supp. 883 (E.D.Tenn1978). Accordingly, we reject Woodall's contention that his trial counsel was unable to enter a binding stipulation waiving his Sixth Amendment right to call Werling as a witness without his consent or informed waiver.
 
 II.
 
 5
 Both the trial court and the California Court of Appeal concluded that Woodall's counsel agreed not to call Werling as a witness during an off-the-record conference with the prosecutor and judge. In his habeas petition, Woodall challenges this factual determination.
 
 
 6
 When reviewing a state conviction for constitutional error, a federal court must afford state-court factual conclusions a presumption of correctness if the requirements of 28 U.S.C. Sec. 2254(d) are satisfied. See Callazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992). Specifically, the presumption applies to factual determinations made after a "hearing on the merits" and memorialized by "a written finding, written opinion, or other reliable and adequate indicia...." in a proceeding involving the state and petitioner as parties. 28 U.S.C. Sec. 2254(d) (1988). Because the statute does not specify the procedural requirements of a "hearing," appellate court review may constitute a hearing for Sec. 2254 purposes. Sumner v. Mata, 449 U.S. 539, 546-57 (1981).
 
 
 7
 Woodall argues that the purported stipulation at issue amounted to a waiver of constitutional rights. According to Woodall, it therefore presents a mixed question of law and fact to which the presumption of correctness under Sec. 2254(d) does not apply. This argument has no merit. As the Supreme Court observed in Sumner v. Mata, 455 U.S. 591 (1982) ("Sumner II" ), although the ultimate determination as to the constitutionality of a challenged procedure is a mixed question of law and fact, "the questions of fact that underlie this ultimate conclusion are governed by the statutory presumption...." Sumner II, 455 U.S. at 597 (emphasis in original); see also Derrick v. Peterson, 924 F.2d 813, 817 (9th Cir.1990), cert. denied, 112 S.Ct. 161 (1991) (state trial court finding that defendant waived Miranda rights entitled to presumption of correctness under Sec. 2254(d)). Here, because it is clear that counsel may waive the right to compulsory process without a client's consent, the only remaining issue is the historical question of whether Woodall's counsel in fact stipulated to a waiver of his right to call Werling; there is no mixed question of law and fact. Sumner II, 455 U.S. at 597.
 
 
 8
 Woodall next contends that the court of appeal's factual determinations should not enjoy a presumption of correctness because the court "merely confined itself to a review of the record," which, according to Woodall, was an inadequate fact-finding procedure under Sec. 2254(d)(2). In particular, Woodall maintains that the court erred by failing to ascertain what occurred off the record during the conference in chambers. We disagree.
 
 
 9
 A review of the transcribed portion of the discussion on Werling's availability as a witness reveals that Woodall's counsel never expressly waived his client's right to have Werling brought to the witness stand. Woodall argues that the transcribed portions of the discussion are consistent with extra-record objections to the trial court's ruling that Werling would not take the stand. The record, however, is devoid of any evidence supporting Woodall's argument. Instead, the transcribed portions of the discussion amply support the court of appeal's conclusion that "the only reasonable inference on the record before us is that all parties were in agreement that Werling would invoke the Fifth Amendment." As such, Woodall has not established, nor does it otherwise appear, that the court of appeal's factfinding procedures were inadequate to "afford [Woodall] a full and fair hearing." 28 U.S.C. Sec. 2254(d)(2).
 
 
 10
 Finally, Woodall argues pursuant to Sec. 2254(d)(8) that the record does not fairly support the court of appeal's determination that counsel stipulated to a waiver of his right to compulsory process. Specifically, Woodall submits that the finding of a stipulation is "not fairly supported by the record." For the reasons discussed above with regard to Woodall's argument under subsection (d)(2), the court of appeal's conclusion that counsel stipulated to the waiver is fairly supported by the record.
 
 
 11
 Because the requirements of Sec. 2254(d) are met and no enumerated exception applies, the court of appeal's factual determinations must be presumed correct. Accordingly, Woodall has the burden under Sec. 2254(d) "to establish by convincing evidence that the factual determination by the State court was erroneous." As discussed above, Woodall has failed to present any convincing evidence that the court of appeal erred in concluding that his counsel stipulated to the procedure by which Werling was declared unavailable.[4]
 
 III.
 
 12
 For the foregoing reasons, the district court's denial of Woodall's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [2]
 Honorable John C. Coughenour, United States District Judge for the Western District of Washington, sitting by designation
 
 
 [3]
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [4]
 Woodall's theory of an off-the-record objection by his counsel to the trial judge's decision as to the manner in which Werling would be declared unavailable is not supported by the record. Clearly, Woodall's speculative interpretation of the record and what occurred off-record does not amount to convincing evidence of error