# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1835

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Leonel Cano Vela, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 3, 2004

Filed: March 19, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Leonel Cano Vela (Vela) appeals from the final judgment entered in the District Court[1] for the Southern District of Iowa upon a jury verdict finding him guilty of conspiring to distribute 500 grams or more of a mixture containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The district court sentenced Vela to 360 months imprisonment and 8 years supervised release. Vela's counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967),

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

raising the following issues for reversal: the district court erred (1) in finding sufficient evidence to convict Vela, (2) in admitting hearsay statements of his coconspirators under Fed. R. Evid. 801(d)(2)(E), (3) by finding Vela was a career offender under U.S.S.G. § 4B1.1, (4) by upholding the constitutionality of the career offender Guideline, and (5) by enhancing his sentence for possessing a weapon during the drug transactions. For the reasons discussed below, we affirm the judgment of the district court and grant counsel's motion to withdraw.

The evidence presented at trial--including Vela's post-arrest confession to a law enforcement officer--amply established that Vela joined in an agreement or came to an understanding with coconspirators to distribute 500 grams or more of cocaine. See United States v. Navarrete-Barron, 192 F.3d 786, 792 (8th Cir. 1999) (standard of review for sufficiency of evidence). The district court did not clearly err in admitting testimony about the coconspirators' out-of-court statements because a preponderance of the evidence established that the declarants and Vela were parties to the conspiracy, and the statements were made during the conspiracy and advanced the conspiracy by arranging for the sale of cocaine. See Bourjaily v. United States, 483 U.S. 171, 175 (1987) (preponderance of evidence must show that coconspirator's out-of-court statement was made during course and in furtherance of conspiracy to which declarant and defendant were parties); United States v. Moss, 138 F.3d 742, 744 (8th Cir. 1998) (clear error review; statement made in furtherance of conspiracy must somehow advance objectives of conspiracy).

The district court also properly sentenced Vela as a career offender: Vela was at least 18 years old when he committed the instant offense, which is a controlled substance offense, and Vela had two prior felony convictions for controlled substance offenses. See U.S.S.G. § 4B1.1(a); United States v. Gonzales, 220 F.3d 922, 926 (8th Cir. 2002) (standard of review). We reject Vela's argument that his prior controlled substance sentences, which were imposed concurrently, should not be counted as separate prior convictions, because the sentences were counted separately under

U.S.S.G. § 4A1.1(a). See U.S.S.G. § 4B1.2(c) ("two prior felony convictions" means, as relevant, that "the sentences for at least two of the . . . felony convictions are counted separately under the provisions of U.S.S.G. § 4A1.1(a)"). Also we have previously resolved Vela's constitutional challenges to the career offender Guideline. See United States v. Thompson, 972 F.2d 201, 204 n.3 (8th Cir. 1992) (double jeopardy); United States v. Torres, 921 F.2d 196, 197 (8th Cir. 1990) (per curiam) (due process); United States v. Foote, 920 F.2d 1395, 1401 (8th Cir. 1990) (Eighth Amendment), cert. denied, 500 U.S. 946 (1991). And because Vela's offense level was determined by his career offender status, we need not consider his challenge to the district court's finding on the weapons enhancement. See United States v. Darden, 70 F.3d 1507, 1548 n.17 (8th Cir. 1995) (declining to review argument which would not affect sentence), cert. denied, 517 U.S. 1149 and 518 U.S. 1026 (1996).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80-82 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment, and we also grant counsel's motion to withdraw.

_____